No. 27,491.

THE STATE OF KANSAS, *Appellee*, v. JAMES KENNEDY, *Appellant*.

(257 Pac. 944.)

SYLLABUS BY THE COURT.

1. LARCENY—*Evidence—Circumstantial Evidence Sufficient*. A verdict finding an accused guilty of an offense upon circumstantial evidence may be upheld; and the evidence produced against the defendant in the present case upon examination is held to be sufficient to sustain the finding and judgment that defendant was guilty of larceny.

2. SAME—*Generally*. Minor rulings challenged are held to be without prejudicial error.

Appeal from Jefferson district court; MARTIN A. BENDER, judge. Opinion filed July 9, 1927. Affirmed.

*Oscar Raines*, of Topeka, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, and *Lloyde Morris*, county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: James Kennedy was charged with and convicted of the larceny of a hog of the value of more than $20. He appeals and his principal complaint is that the evidence was insufficient to warrant a conviction.

When the owner discovered that the hog was missing he made a search of his premises and found tracks of a hog and also of a man leading from the yard to a gate which opened on a highway. There was snow on the ground at the time and where the tracks ended the snow was beaten down, and there were marks indicating that the hog had been turned over on its back. There were tracks indicating that an automobile had turned around at the place where the snow had been mashed down on the road and the tracks of the automobile showed that there were three smooth tires and one nobby one. It was discovered that the defendant's automobile had three smooth tires and one nobby one on it. When officers had been notified and came to examine the premises, they found along the tracks made a written receipt made out in the name of the defendant, acknowledging the receipt of $10, and the defendant acknowledged that this receipt belonged to him. On an examination of de-

Criminal Law, 16 C. J. p. 762 n. 31; 17 C. J. pp. 223 n. 44, 368 n. 5. Larceny, 36 C. J. pp. 899 n. 34, 904 n. 38.

fendant's automobile .they found hog manure in it and also hog bristles, as well as a rope with hog bristles on it. The track of a man found at the owner's premises showed that there were heels on the shoes worn, and there were also heels on the shoes of the defendant when he was arrested, but on the next day when he was brought in for preliminary examination, the heels of the shoes had recently been removed, and he stated that the shoes were the same as he had worn the previous day. The defendant admitted that he went past the premises of the owner on the day the hog was taken, but denied that he had stolen it, and explained that he had been out on a hunting trip and lost the receipt while on that trip.

It is not necessary to analyze the evidence produced. While no witness testified that he saw the defendant taking the hog, the circumstances and evidentiary facts well established pointed convincingly to the defendant as the one who committed the larceny. A fact may be established and a conviction of the gravest offenses may be sustained upon circumstantial evidence. The circumstances adduced were sufficient to convince the jury that the accused had committed the offense charged, and we deem them to be sufficient to uphold the verdict and judgment.

Defendant contends that error was committed in permitting the arresting officers to testify that they measured the tracks in the snow made by shoes with heels on them, and that they corresponded with the shoes worn when defendant was arrested, and that the next day when he came into court he wore shoes from which the heels had been recently removed. The officers testified that in their opinion the shoes were the same that he wore the preceding day. If there was any fault in the evidence it could not have resulted in prejudice to the defendant, as he testified that the shoes worn on the day of the trial were the same he wore the day before.

Another matter of complaint is that the state offered evidence to the effect that while the defendant was being taken to the courthouse he threw a bottle of whisky from the car on the pavement. The evidence was of course not admissible, and the court upon objection promptly struck it out. No prejudice could have resulted from the offer.

The instructions of the court are not included in the record, and it may be inferred that the jury were properly advised as to the rules of law applicable, including the evidence to be· considered.

Finding no error in the record, the judgment is affirmed.