No. 47,010

STATE OF KANSAS, *Appellee*, v. CLEVE NICHOLS a/k/a CLEVE STEELE, *Appellant*.

(512 P. 2d 329)

Opinion filed July 14, 1973.

*Ira Kirkendoll*, Deputy Defender, of Topeka, argued the cause and was on the brief for the appellant.

*Lawrence P. Ireland*, Assistant District Attorney, argued the cause, and *Vern Miller*, Attorney General, and *Gene M. Olander*, District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant, Cleve Nichols, appeals from convictions by a jury of the offenses of rape as defined in K. S. A. 1972 Supp. 21-3502 and indecent liberties with a child (K. S. A. 1972 Supp. 21-3503). Sentences, to run concurrently, were imposed under the provisions of K. S. A. 1972 Supp. 21-4501 (c).

Patsy M. Gilroy was returning from an errand to the grocery store to her home in east Topeka when she was approached by three young men and forced to accompany them down a side street into a wooded area where they had intercourse with her, against her wishes and desires. She testified that one of the men threatened her with a pocket knife. Defendant was identified as one of the three in a lineup proceeding. Patsy was thirteen years of age at the time.

Defendant specifies five points of error on appeal. His first two points relate to the admission into evidence of a pretrial statement given by defendant in the absence of an attorney. Before admitting the statement into evidence the trial court, in accord with *Jackson v. Denno*, 378 U. S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, and in compliance with our holding in *State v. Seward*, 163 Kan. 136, 181 P. 2d 478, held an out-of-court hearing in which evidence was

offered as to the circumstances surrounding the taking of the statement. The statement was taken in the county attorney's office during the morning of September 27, 1971, in the presence of John Martin, an assistant county attorney, and John Keither and Lloyd Howe, officers of the Topeka Police Department. Defendant was advised of his constitutional rights, including his right to an attorney by Martin, as shown in the record as follows:

"Q. I'm going to read you your rights now, Cleeve: 'I'm required by the Constitution to warn you that anything you say may be used against you in a court of law; that you need say nothing and have a right to remain silent; that if you wish you have the right to consult with an attorney and have him present; that if you are unable to afford an attorney, one will be appointed for you to consult with.' Now, do you understand those rights?
"A. Yes.
"Q. And understanding those rights, do you wish to get an attorney?
"A. No, I don't think it will be necessary.
"Q. Now, Larry McClain represented you at the lineup in this case and at the bond hearing in your first appearance in Magistrate Court over here?
"A. Yes.
"Q. Do you want to call him at this time and have him present during this statement?
"A. Well, I don't think it will be necessary.
"Q. You do understand that you have a right to call him if you desire to?
"A. Yes.
"Q. Now, do you understand all of those rights that I read to you?
"A. Yes.
"Q. And would you like to talk to us at this time?
"A. Yes.
"Q. Now, Cleeve, have there been any threats or promises made to you by either detective or myself or any law enforcement officer in regard to this statement?
"A. No.
"Q. And you give this statement knowingly of your own free will?
"A. Yes."

The record manifestly shows that the defendant was fully informed of his rights and that counsel would be afforded if desired. Under such circumstances a statement is not inadmissible solely because it was given when the accused did not have counsel present. The point is covered by our decision in *State v. Brown*, 198 Kan. 473, 426 P. 2d 129, where we said:

"We have long recognized that an accused's statement made during a pretrial interrogation by law enforcement officers is not rendered inadmissible solely because it was made at a time when the accused did not have counsel. (*State v. Freeman*, 195 Kan. 561, 408 P. 2d 612, cert. denied 384 U. S. 1025, 86 S. Ct. 1981, 16 L. Ed 2d 1030; *Goodwin v. State*, 195 Kan. 414, 407 P. 2d 528; *State v. Stubbs*, supra; *Powers v. State*, 194 Kan. 820, 402 P. 2d 328; *State*

*v. Latham & York,* 190 Kan. 411, 375 P. 2d 788, cert. denied 373 U. S. 919, 83 S. Ct. 1310, 10 L. Ed 2d 418.) Defendant makes no claim that he ever requested, and was denied, counsel. The record reveals that prior to his giving the statement, and after being advised of his right to counsel, the defendant stated he did not want or need an attorney. Under the circumstances, he effectively and intelligently waived any right to counsel.

"For the reasons stated, we hold that under the facts narrated, the trial court properly admitted the defendant's confession into evidence for the jury's consideration." (p. 476.)

Defendant next argues that even though he may have received the full Miranda admonition his statement was inadmissible because answers were elicited from him after he had indicated a desire to stop further interrogation. The record indicates that on three occasions in the course of his statement defendant responded "I'd rather not say that." The first occasion is reflected in the record by the following:

"Q. Did any of you have sexual intercourse with her then?
"Q. Kevin did.
"Q. Anybody else?
"A. Well, do I have to say that?
"Q. No, you don't have to.
"A. I just say Kevin did.
"Q. Did Aaron?
"A. I just say Kevin did."

Later defendant was asked:

"Q. Didn't you and Aaron have intercourse with her too?
"A. I would rather not say that."

He was further asked:

"Q. Did you ever see Aaron have intercourse with this girl?
"A. I'd rather not say that. I'll just leave him out of it."

In each instance the county attorney dropped the subject and made no effort to press defendant for an answer.

It would be a strained construction to interpret defendant's responses as stating that he did not want to answer any more questions. We believe it is clear that his reluctance to answer in each instance was in regard to the specific question asked. If, in fact, defendant had desired to terminate the interrogation he could have simply stated that he would rather not answer any more questions. As previously shown, defendant testified that he knew his rights after having been warned and advised concerning them. The testimony of defendant in this regard is verified and further elaborated by the testimony of officer Howe, given at the out-of-court hearing. The record conclusively shows defendant was properly advised of

his rights and that he understood them. On these facts a waiver of rights need not be in writing and any oral admissions are admissible in evidence. (*State v. Carpenter*, 211 Kan. 234, 505 P. 2d 753.)

After hearing the evidence of the circumstances surrounding the taking of defendant's statement, the trial court held it to be admissible. This ruling is a finding of fact and if supported by substantial competent evidence will not be disturbed on appeal. (2 West's Kansas Digest, Appeal & Error, § 1010[6]; Hatcher's Kansas Digest [Perm. Supp.], Appeal & Error, § 505.)

For his third point on appeal defendant complains of the trial court's failure to submit two requested instructions. Defendant did not reproduce his requested instructions or the instructions given by the court in his record on appeal. In his brief defendant sets out his requested instructions as follows:

"A. Knowledge of criminal acts is not itself criminal.

"B. Rape and Indecent Liberties with a child are easily made and difficult to disprove and that, therefore, the testimony of the prosecuting witness should be examined with care. (*State v. Loomis*, 105 Kan. 410, (1919) 184 P[ac]. 723)"

When his failure to supply us with instructions was pointed out to defendant's counsel at oral argument he filed a supplementary record disclosing the instructions given by the court. We have examined them and find that considered as a whole they adequately present the defendant's theory of his defense. His theory was simply that the state's prosecuting witness (Miss Gilroy) was not credible and he says the requested instructions were essential to properly present the matter to the jury. An examination of the instructions given reveals that the jury was fully and correctly informed in this regard. This court has long been committed to the rule that error cannot be predicated on the refusal to give specific instructions where the instructions given cover and include the substance of those requested but refused. (*State v. Skinner*, 210 Kan. 354, 503 P. 2d 168; *State v. Addington*, 205 Kan. 640, 472 P. 2d 255; Hatcher's Kansas Digest [Perm. Supp.] Criminal Law, § 306; 4 West's Kansas Digest, Criminal Law, § 829.)

Defendant next contends the trial court erred in refusing to sustain his motion to dismiss at the close of the state's case for the reason that the evidence produced was insufficient to frame a jury question. In substance, defendant argues that although Miss Gilroy identified defendant at the line-up she also identified two other men who were not participants in the incident. De-

fendant says this demonstrates her uncertainty and thus the case should not have been submitted to the jury. Defendant also says that an accused cannot be convicted solely by reason of his own testimony. (*United States v. Charpentier*, 438 F. 2d 721 [10th Cir. 1971]; and *State v. Wall*, 206 Kan. 760, 482 P. 2d 41.) Defendant relies on a holding in *Charpentier* stating:

"Accused cannot be convicted of crime based upon his own uncorroborated confession or admission, and some measure of independent evidence is essential." (headnote ¶ 2.)

Defendant also directs attention to our holding in the *Wall* case:

"An inference of guilt to be drawn from the evidence in a criminal case must be based on something more than mere surmise, conjecture or possibility." (Syl. ¶ 4.)

We agree the rules proposed by defendant are the law of this state and recognized in many of our opinions. However, as applied to the evidence here, the rules advanced by defendant are not controlling. By his own admission defendant was one of the three men present at the scene. Miss Gilroy testified that she was forced to have intercourse with three different men. The fact of intercourse was corroborated by the testimony of Dr. Booker who performed a pelvic examination shortly after the occurrence. Defendant did not take the witness stand but his version of the events in his statement is consistent with Miss Gilroy's testimony in all respects except in those instances where he declined to answer specific questions. Considering the evidence as a whole we believe there was a factual basis for the jury's verdict. Facts in a criminal case may be established by circumstantial evidence if that evidence satisfies the applicable requirements of consistency with guilt and inconsistency with innocence. When the sufficiency of circumstantial evidence is considered on appeal, the question is not whether the evidence is incompatible with any reasonable hypothesis except guilt, as that question was for the jury. The appellate court's function is limited to ascertaining whether there was a basis in the evidence for a reasonable inference of guilt. (*State v. Rincones*, 209 Kan. 176, 495 P. 2d 1019; Hatcher's Kansas Digest [Perm. Supp.], Criminal Law, § 285; 4 West's Kansas Digest, Criminal Law, § 1159 [6]). We cannot say the trial court erred in overruling defendant's motion to dismiss.

Finally, defendant contends the trial court erred in not specifically instructing the jury as to its prerogative in determining the

voluntariness of defendant's statement and the weight to be given it as evidence. The point is without merit. As previously indicated, the trial court first considered the voluntariness of defendant's statement. After the court ruled the statement was admissible it was then for the jury to determine the weight and credibility to be given, and in so doing it was free to consider for itself the voluntariness of the statement as well as the truth or falsity of any statements contained therein. As we have already noted, the jury was fully instructed concerning the matters of weight and credibility.

We have examined all of the specifications of error and find no reversible error.

The judgment is affirmed.