No. 47,692

STATE OF KANSAS, *Appellee,* v. CLIFFORD WAYNE MORTON, *Appellant.*

(538 P. 2d 675)

Opinion filed July 17, 1975.

*Thomas F. Richardson,* of Light, Yoxall, Antrim & Richardson, of Liberal, argued the cause, and was on the brief for the appellant.

*Tom R. Smith,* assistant county attorney, argued the cause, and *Curt T. Schneider,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

FATZER, C. J.: This is an appeal by defendant Clifford Wayne Morton from a conviction by a jury of the offense of indecent liberties with a child. (K. S. A. 21-3503 [1] [a].)

Some of the facts are not in dispute and may be briefly stated. A young lady, hereafter referred to as Miss "X", age fourteen, was picked up at her home at 9:30 p. m. on Saturday evening December 1, 1973, by defendant, two boys and two girls, in defendant's car. The group drove around town for awhile drinking alcoholic beverages. Miss "X" drank from a bottle of vodka given her by one of the group. After stopping at the home of one of the boys to pick up phonograph records and two blinking yellow lights, the group went to the defendant's mobile home for a party. Upon getting out of the car, Miss "X" fell and had to be helped into the mobile home. A short time later she passed out on the couch. Later, the four youths left defendant's home, leaving Miss "X" alone with the defendant for approximately fifteen minutes. When they returned, they found Miss "X", still unconscious, lying on her back on the living room floor with her panties and underclothes down around her ankles. Miss "X" was subsequently taken to the hospital where she finally regained consciousness. She remembered nothing from the time she passed out on defendant's couch until

waking up in the hospital. Tests conducted at the hospital showed she had had sexual intercourse within twelve hours previous to the examination conducted at approximately 1:00 a. m. on December 2.

Defendant first contends the district court erred in denying his motion to dismiss the action because the state failed to prove beyond a reasonable doubt he had committed the act of sexual intercourse with Miss "X". The state contends it proved this point by circumstantial evidence.

It is well established in this jurisdiction that a conviction of even the gravest offense may be sustained by circumstantial evidence. (*State v. Ritson*, 215 Kan. 742, 529 P. 2d 90 [1974]; *State v. Hale*, 207 Kan. 446, 485 P. 2d 1338 [1971]; *State v. Kennedy*, 124 Kan. 119, 257 Pac. 726 [1927].) The probative values of direct and circumstantial evidence are intrinsically similar and there is no sound reason for drawing a distinction as to the weight to be assigned to each. (*State v. Ritson*, supra; *State v. Wilkins*, 215 Kan. 145, 523 P. 2d 728 [1974].) In *State v. Nichols*, 212 Kan. 814, 512 P. 2d 329 [1973], it was said:

". . . When the sufficiency of circumstantial evidence is considered on appeal, the question is not whether the evidence is incompatible with any reasonable hypothesis except guilt, as that question was for the jury. The appellate court's function is limited to ascertaining whether there was a basis in the evidence for a reasonable inference of guilt. . . ." (l. c. 818.)

Considering the evidence in the record, we believe there was a factual basis for the jury's verdict. The state's evidence showed that defendant was alone with Miss "X" for approximately fifteen minutes. When the four young people left defendant's home, Miss "X" was fully clothed and was unconscious on the couch. When three of the group returned, Miss "X" was still unconscious, but was lying on the floor with her panties down around her ankles. The defendant had his shirt on when the youths left; when they returned his shirt was off. One of the group testified that when they returned to the defendant's home, she looked through the glass in the front door and saw the defendant in a crouched position pulling up his pants. Another of the group testified defendant told him he had "slapped the meat" to Miss "X". A third group member testified defendant said something like "I cut her." We cannot say the district court erred in overruling defendant's motion to dismiss.

The defendant next contends the district court erred in neither allowing an in-court demonstration of the flashing yellow lights nor a demonstration of the flashing lights in defendant's mobile home.

Through these demonstrations, defendant hoped to attack the credibility of the state's witness who testified she looked through the glass in the front door of defendant's mobile home and saw him pulling up his pants in the room illuminated only by the flashing lights.

The defendant first sought to have the courtroom darkened except for the flashing lights so a defense witness could testify whether the intensity of the flashing lights was the same as when he earlier viewed them in defendant's home. The district court sustained the state's objection to the demonstration, and the defendant moved to conduct a demonstration of the lights for the jury in his home at night. That motion was likewise denied.

Allowing the performance of demonstrations or tests in the presence of the jury rests in the sound discretion of the district court. (*Malone v. New York Life Ins. Co.,* 148 Kan. 555, 83 P. 2d 639 [1938]; 29 Am. Jur. 2d *Evidence,* § 818 [1967].) Likewise, allowing the jury to view the scene of a crime is at the discretion of the district court. (*State v. Winston,* 214 Kan. 525, 520 P. 2d 1204 [1974]; *State v. Beasley,* 205 Kan. 253, 469 P. 2d 453 [1970], *cert. denied,* 401 U. S. 919, 27 L. Ed. 2d 821, 91 S. Ct. 903 [1971]; *State v. Henson,* 105 Kan. 581, 185 Pac. 1059 [1919].) Exercise of that discretion will not be overturned on appeal unless its abuse is apparent.

The demonstrations' propriety, probative value and assistance to the trier of fact were determinations properly for the district court. Conditions in the courtroom and mobile home living room were obviously dissimilar. Moreover, the question of the state's witness' credibility had already been raised through conflicting testimony by a defense witness. We find no abuse of discretion by the district court in not allowing the proffered demonstrations.

Defendant's final point on appeal is that the district court erred in failing to submit his requested cautionary instruction. The point is not well taken.

Defendant's requested instruction was as follows:

"A charge of this nature is easily made, hard to be proved, and still harder to be defended by the party accused, even by one who is guiltless. It is that character of crime that tends to create a prejudice against any man who is charged with such an offense. You are not to be moved by passion, sympathy, sentiment, conjectures or prejudice to find a verdict of guilty, and unless you are convinced beyond a reasonable doubt from the evidence that the Defendant is guilty as charged, you should find the Defendant not guilty."

In *State v. Nichols,* 212 Kan. 814, 512 P. 2d 329 (1973), this court considered the trial court's refusal to give very similar cautionary instructions on a charge of rape and indecent liberties with a child. Finding no error, we said:

". . . This court has long been committed to the rule that error cannot be predicated on the refusal to give specific instructions where the instructions given cover and include the substance of those requested but refused. . . ." (l. c. 817.)

Another rule of long standing in this jurisdiction was reiterated in *State v. Irving,* 217 Kan. 735, Syl. ¶ 1, 538 P. 2d 670. There it was said, "The propriety of instructions to a jury is to be gauged by their consideration as a whole, each in conjunction with all other instructions in the case."

We have examined all the court's instructions in the record and find they adequately provided the jury with the substance of defendant's requested instruction. The district court did not err in refusing defendant's requested instruction.

The judgment is affirmed.

FROMME, J., not participating.