No. 120,098

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

EDWARD C. GLOVER,
*Appellee*.

SYLLABUS BY THE COURT

A locked sacristy inside an unlocked church is not a building or structure as the terms are used in K.S.A. 2018 Supp. 21-5807(a)(2).

Appeal from Sumner District Court; WILLIAM R. MOTT, judge. Opinion filed June 7, 2019. Affirmed.

*Kerwin L. Spencer*, county attorney, and *Derek Schmidt*, attorney general, for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and STUTZMAN, S.J.

ARNOLD-BURGER, C.J.:  A defendant is guilty of a burglary of a nondwelling when he or she "without authority, enter[s] into or remain[s] within any: . . . building . . . or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein." K.S.A. 2018 Supp. 21-5807(a)(2).

Edward C. Glover entered the unlocked St. Anthony's Catholic Church and entered the locked sacristy where he stole items from a locked cabinet. The State charged

1

Glover with burglary. The district court dismissed the charge at the preliminary hearing, reasoning that the State did not prove Glover entered the building without authorization because the church was open to the public. On appeal, the State argues the district court erred because the sacristy can be considered a building or structure under the meaning of the Kansas burglary statute. Because we find that the sacristy does not fit the definition of a building or structure under the clear language of K.S.A. 2018 Supp. 21-5807(a)(2), we affirm.

FACTUAL AND PROCEDURAL HISTORY

In March 2017, Marian Bryant, a sacristan for St. Anthony's Catholic Church, went to the sacristy to prepare for services and discovered two chalices, one ciborium, and one paten were missing. The items were normally in a locked cabinet inside the sacristy. The sacristy is a room that is normally locked and located within the church. The church itself was unlocked and open to the public.

According to Timothy Nash, he and Glover went to the church to take some money. When they were unable to find any money, Glover took the items out of the cabinet. Glover was eventually charged with one count of burglary of a nondwelling and one count of felony theft.

The court held a preliminary hearing on the charges and dismissed the burglary charge. The court reasoned that there was insufficient evidence to show Glover entered the building without authority. The court believed that Glover was authorized to enter the church and the sacristy was not a separate building or dwelling within the church because it was all owned by the same entity.

The State filed a motion to reconsider or in the alternative to dismiss the remaining charge so the State could pursue an appeal. The court denied the State's motion to

2

reconsider and granted the motion to dismiss. The State appeals the dismissal of the burglary charge.

ANALYSIS

Burglary of a nondwelling is defined by statute as "without authority, entering into or remaining within any: . . . building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexually motivated crime therein." K.S.A. 2018 Supp. 21-5807(a)(2).

The sole issue on appeal is whether a sacristy is a "building . . . or other structure" under the Kansas burglary statute. See K.S.A. 2018 Supp. 21-5807(a)(2). This requires interpretation of a statute, which is a question of law over which appellate courts have unlimited review. *State v. Lees*, 56 Kan. App. 2d 542, Syl. ¶ 4, 432 P.3d 1020 (2018).

When interpreting a statute, the most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan*, 303 Kan. 1017, 1019, 370 P.3d 417 (2016). Courts should attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. An appellate court should resort to using statutory canons of construction only if the statute is ambiguous or unclear. See *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

The Kansas Supreme Court has addressed what qualifies as a building or other structure under K.S.A. 2018 Supp. 21-5807(a)(2), or similar statutes, for over 30 years. See *State v. Hall*, 270 Kan. 194, 202, 14 P.3d 404 (2000) (holding that the closed stockroom in the back of a K-Mart store was not a separate building or structure distinct from the store—which Hall entered lawfully); *State v. Moler*, 269 Kan. 362, 369, 2 P.3d 773 (2000) (holding that a lean-to was not a "structure" under the Kansas burglary statute

3

because it was not enclosed); *State v. Fisher*, 232 Kan. 760, 763, 658 P.2d 1021 (1983) (holding that a hog pen was not a "structure" under the burglary statute because it was "open-air, free-standing, [and] low-fenced"). In *Hall*, the court reasoned it had to "strictly construe penal statutes in favor of the accused, subject to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent." 270 Kan. at 202. The court cited with approval Chief Judge Brazil's comment on the case when it was before the Court of Appeals suggesting that the Kansas Legislature should consider revising the Kansas burglary statute so that it treats the subparts of a structure as separate structures within the Kansas burglary statute like the states of Texas and Oregon. 270 Kan. at 198.

Likewise, this court has had several opinions dealing with the definition of the terms building or structure in the statute. We held a Dillard's store within a mall counts as a building or structure for the purposes of the burglary statute. *State v. Vinyard*, 32 Kan. App. 2d 39, 42-43, 78 P.3d 1196 (2003). In *Vinyard*, a panel of this court reasoned that malls contain various stores and each "are separate businesses [which] have their own entrances. Each store is completely enclosed and secured separate and distinct from the other businesses in the mall." 32 Kan. App. 2d at 42. To hold otherwise would result in Vinyard being found not guilty of burglary if she entered Dillard's from the interior mall entrance but guilty of burglary if she entered from the specially designated outer entrance. 32 Kan. App. 2d at 42. The court also touched on the fact that each store is leased to separate businesses. 32 Kan. App. 2d at 42.

Judge Elliott dissented. He agreed with the opinion in *Hall* that suggested we should not align the statute to fit the facts. He noted that in *Hall* the Supreme Court had challenged the Legislature to change the statute if intended for the crime to include situations like rooms within public buildings. He concluded that because no changes had been made at the time of *Vinyard*, three years later, the Legislature agreed with the narrow interpretation provided in *Hall*. 32 Kan. App. 2d at 46-47 (Elliott, J., dissenting).

4

This court addressed *Hall* and *Vinyard* in the context of hospital rooms in *State v. Parker*, 48 Kan. App. 2d 68, 282 P.3d 643 (2012). In *Parker*, another panel of this court reasoned that because patients temporarily lease the hospital room, much like businesses lease space from the mall, the case was similar to *Vinyard*. See 48 Kan. App. 2d at 85. The court held a hospital room was a structure because it "had a door, was temporarily leased to occupants, was designed to exclude others, and was intended to protect the occupant's privacy and security." 48 Kan. App. 2d at 85. And unlike *Hall*, a patient's room is occupied by a person while a store's stockroom is ordinarily not occupied. *Parker*, 48 Kan. App. 2d at 85.

This court has continued to expand the definition of buildings or structures in several unpublished opinions. Again stressing the importance of a leasehold interest in *State v. Hauser*, No. 95,744, 2007 WL 2819883 (Kan. App. 2007) (unpublished opinion), a panel considered whether a tanning booth was a structure for the purposes of burglary. It concluded that the tanning booth "was a completely enclosed separate room," leased by its occupant, and the "door and lock were clearly designed to exclude others from entering" to "protect the security and privacy of the booth occupant." 2007 WL 2819883, at *2. Accordingly, it was a building or structure under the burglary statute. 2007 WL 2819883, at *3.

In *State v. Foster*, No. 113,883, 2016 WL 4500953, at *5 (Kan. App. 2016) (unpublished opinion), this court held a defendant could be convicted of burglary for entering an individual's locked rented room within a house even though the defendant had permission to enter the remainder of the house. The court reasoned that "the room had a door, . . . was designed to exclude others, and was intended to protect [the victim's] privacy and security." 2016 WL 4500953, at *4. The panel distinguished the situation from *Hall* because in *Hall* "the same owner controlled the public and nonpublic portions of the building." 2016 WL 4500953, at *4. It concluded that when different parties control different portions of the building, the situation changes. Any other interpretation

5

would be unreasonable, the court opined, because it would mean that an apartment complex tenant could not commit burglary if he or she were to break into another tenant's unit to steal something. The court held "[l]eased portions of a building that are separately enclosed and secured are to be treated as separate structures for burglary purposes." 2016 WL 4500953, at *4.

This court continued the focus on whether a building was split into multiple areas with multiple lessees in *State v. Armstrong*, No. 117,038, 2018 WL 2373235 (Kan. App. 2018) (unpublished opinion), *rev. denied* 309 Kan. __ (February 28, 2019). The State charged Armstrong, in part, with two counts of burglary. Armstrong broke into two garages which shared a common wall but were leased by different individuals. After entering one and taking various items, Armstrong removed plywood separating the two garages and entered the adjoining garage. Armstrong stole additional items in the second garage. The two burglary charges related to the separate entries into the two garages. The court concluded that each individual's garage contained in a free-standing structure was a building for the purposes of the burglary statute. 2018 WL 2373235, at *6. The court focused on the fact that each garage, like the individual stores in *Vinyard*, were leased to different tenants. Therefore, the court concluded each individual garage was a distinct building. 2018 WL 2373235, at *6.

So this court, through its published and unpublished decisions, seems to have read into the burglary statute a definition of building or structure that hinges, in part, on whether an individual or entity is renting or leasing a space within the main building. But we caution, as did Judge Elliott in *Vinyard*, that the plain language of the statute says nothing about whether a room is leased by someone other than the owner. The statute states only that a person may be guilty of burglary if they enter a "building . . . or other structure" without authority. K.S.A. 2018 Supp. 21-5807(a)(2). Likewise, the Kansas Legislature has made no changes to the statute in the last 19 years to treat the subparts of a structure as separate structures as suggested in *Hall*. Yet, the State asks us to go one

step further here and find that because the room was locked, even if under common ownership, it is a separate building or structure. We decline the invitation for two reasons.

First, even if we rely on previous caselaw focusing on whether someone is leasing a subpart of a building Glover could not be guilty of a burglary. Like the storeroom in *Hall*, the sacristy was only owned by the church. It was not leased out to another individual or entity. See 270 Kan. at 202. Glover was authorized to enter the church and the sacristy was solely owned by the church.

Second, we find that the plain language of the statute requires an unauthorized entry into a "building . . . or other structure." K.S.A. 2018 Supp. 21-5807(a)(2). A room is not a building or structure under a common understanding of either word. See Webster's New World College Dictionary 1262 (5th ed. 2014) ("room" is "a space within a building enclosed by walls or separated from other similar spaces by walls or partitions"); Webster's New World College Dictionary 1440 (5th ed. 2014) ("structure" is "something built or constructed, as a building or dam"); Webster's New World College Dictionary 195 (5th ed. 2014) ("building" is "anything that is built with walls and a roof, as a house or factory; structure"). The sacristy was nothing more than a room within the church building. Whether a room inside a building is locked does not impact whether entry into the building or structure was authorized. Moreover, the State's interpretation would lead to unintended results. If the defendant entered a business without authorization and then entered a locked storage closet, the defendant would be guilty of two burglaries under the State's interpretation. This is not consistent with the plain language of the statute.

We pause to note that the State relies on *State v. Harding*, 208 Kan. 882, 494 P.2d 1122 (1972), to support its argument that the locked room is a separate structure or building. In *Harding*, the defendant was convicted of burglary after entering an unlocked

7

church and taking money from a locked desk drawer in a locked office. The issue on appeal was "whether the circumstantial evidence disclosed by the record is sufficient to sustain the findings of guilty made by the trial court." 208 Kan. at 882. The Kansas Supreme Court upheld Harding's conviction. 208 Kan. at 885.

The State argues that the facts of *Harding* are the same as the facts here. But *Harding* did not address whether a locked room was a building or structure under the burglary statute. The only issue on appeal in *Harding* was whether there was sufficient circumstantial evidence to find Harding guilty. See 208 Kan. at 882, 884. The Kansas Supreme Court did not address whether a room within a church qualifies as a building or structure. The "severance of factual predicate from legal holding conflicts with appropriate judicial reasoning . . . and can easily lead to erroneous outcomes." *State v. Pollman*, 56 Kan. App. 2d 1015, 1041-42, ___ P.3d ___ (No. 118,672 filed May 10, 2019), (Atcheson, J., dissenting). Such is the case with the State's reliance on *Harding*.

As the court in *Hall* noted, "Kansas courts are required to strictly construe penal statutes in favor of the accused." 270 Kan. at 195. If this interpretation is not what the Legislature intended, the law could be changed to more clearly include subunits of a building as being buildings or structures. See Tenn. Code Ann. § 39-14-402(a)(1) (including entering "any portion" of a building without consent).

Based on the plain language of the statute, we affirm the decision of the district court. A building is a building and a structure is a structure. The sacristy is neither.

Affirmed.