430 P.2d 376

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Charles GONZALES, Defendant-Appellant.**

**No. 7970.**

Supreme Court of New Mexico.

July 24, 1967.

Hinkle, Bondurant & Christy, Lewis C. Cox, Jr., Roswell, for appellant.

Boston E. Witt, Atty. Gen., Gary O'Dowd, Asst. Atty. Gen., Santa Fe, for appellee.

OPINION

MOISE, Justice.

Defendant complains of his conviction on charges of burglary (§ 40A–16–3, N.M. S.A.1953) and larceny (§ 40A–16–1, N.M.S. A.1953). He first contends, relying on Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1966); that he was denied due process of law because of instructions to the jury concerning comments made by the district attorney on defendant's failure to testify during the

proceedings. See State v. Miller, 76 N.M. 62, 412 P.2d 240 (1966), and State v. Flores, 76 N.M. 134, 412 P.2d 560 (1966), where this court reversed convictions on the authority of Griffin v. State of California, supra.

Aside from a general comment by the trial judge at the time of sentencing, to the effect that the decision in Griffin v. State of California, supra, would in the future require a change in practice so that the instruction previously given could no longer be used, nor would comment by the district attorney concerning a defendant's failure to testify be permitted, there is nothing in the record disclosing any comments by anyone concerning the matter. This court has twice considered and twice denied error where a claim similar to that here made had no support in the record. State v. Sandoval, 76 N.M. 570, 417 P.2d 56 (1966); State v. Paris, 76 N.M. 291, 298, 414 P.2d 512 (1966).

The defendant also complains of the following instruction:

"The Court instructs you that the defendant may, if he sees fit, become a witness in his own behalf, but the law imposes no obligation upon him to testify in his own behalf, or as to any material fact in the case, and you shall indulge in no presumption against him because of the failure of the defendant to take the witness stand in this case, but such fact can be the subject of reasonable comment or argument."

This court, in State v. James, 76 N.M. 376, 415 P.2d 350 (1966), ruled upon an identical instruction and held, that where no comment had been made by the judge or prosecutor concerning defendant's failure to take the stand, no error had been committed. Also, see State v. Buchanan, 76 N.M. 141, 412 P.2d 565 (1966); State v. Sandoval, supra; State v. Paris, supra. We see no merit in defendant's first contention.

Defendant next contends that the act he was charged with in Count I—entry and theft from a food store—did not constitute the crime of burglary as defined by statute. Section 40A–16–3, supra, provides as follows:

"Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein."

Defendant argues that the rule of construction known as "ejusdem generis" forecloses the inclusion of a food store within the term "other structure" as used in the above statute. We disagree. Ejusdem generis, like other rules of construction, is resorted to merely as an aid in determining legislative intent. Grafe v. Delgado, 30 N.M. 150, 228 P. 601 (1924); State v. Ornelas, 42 N.M. 17, 74 P.2d 723 (1937). We are impressed that the legislature intended the term "other structure" to be construed in its literal sense and that it not be limited by the specific language preceding it. We have held that it is proper for this court to consider prior and subsequent statutes in pari materia to determine legislative intent. State v. Prince, 52 N.M. 15, 189 P.2d 993 (1948). A comparison of § 40A–16–3, supra, and the statutes concerning burglary and unlawful entry that existed prior to 1963 (§§ 40–9–1, 40–9–6, 40–9–7, 40–9–10, N.M.S.A.1953) indicates that the new section is a consolidation of the old statutes and does not evidence an intention of the legislature to exclude from the crime of burglary unauthorized entries to structures other than dwellings. We find support in other jurisdictions that have refused to so construe their statutes in comparable situations. See State v. Johnson, 64 Ohio St. 270, 60 N.E. 219 (1901); Sanchez v. People, 142 Colo. 58, 349 P.2d 561, 78 A.L.R.2d 775 (1960); Annot., 78 A.L.R.2d 778 (1961).

The judgment appealed from is affirmed.

It is so ordered.

CHAVEZ, C. J., and RICHARD A. STANLEY, District Judge, concur.