496 P.2d 169

STATE of New Mexico, Plaintiff-Appellee,

v.

Oscar ROGERS, also known as Joe Baker, Defendant-Appellant.

No. 818.

Court of Appeals of New Mexico.

April 7, 1972.

Harvey C. Markley, Lovington, for defendant-appellant.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen. Santa Fe, for plaintiff-appellee.

OPINION

SUTIN, Judge.

Rogers was charged, convicted and sentenced for burglary contrary to § 40A–16–3, N.M.S.A.1953 (Repl.Vol. 6, Supp.1971). Rogers appeals.

We reverse.

Section 40A–16–3, supra, reads in part as follows:

Burglary consists of the unauthorized entry of any * * * structure, * * * with the intent to commit any felony or theft therein.

On April 8, 1971, at 8:30 p. m., Rogers drove into Jim's Conoco Station in Hobbs, New Mexico, walked into the office and asked for a crescent wrench to use to take off a battery. The attendant told him that tools were not lent unless a dollar was deposited. Rogers did not have a dollar. The attendant went out of the office to service a customer and returned to the office. Rogers viewed the attendant opening the cash register. While the attendant serviced another car, Rogers remained in the office. Suddenly, the attendant ran inside. The cash register was open, all of the paper money, about $30 or $35, was gone. The attendant asked Rogers to put the money back, and Rogers said "no."

The trial court instructed the jury that the material allegations of the charge of burglary were:

1. That the defendant, without authority, did enter a structure, to-wit: Jim's Conoco Station, Hobbs, New Mexico.

2. That the defendant entered such structure with the intent to commit a theft therein.

3. That said act or acts were committed by the defendant knowingly, unlawfully and feloniously.

This instruction became the law of this case. State v. Rayos, 77 N.M. 204, 420 P.2d 314 (1967). It should be noted that three essential ingredients exist. We are concerned only with the first.

There was no evidence that Rogers entered the Conoco structure "without authority." This was a business which invited the public to enter so that permission or consent of the owner is implied. Rogers' entry was authorized. The criminal offense committed thereafter was not burglary. A person who enters a store open to the public with intent to shoplift [§ 40A–16–20, N.M.S.A.1953 (Repl.Vol. 6, Supp.1971)], or commit larceny, [§ 40A–16–1], is not guilty of burglary. Intent at the time of a permissible entry is not the sole element of burglary under the statute. People v. Carstensen, 161 Colo. 249, 420 P.2d 820 (1966).

Our holding is limited to the charge of burglary and we do not decide whether the facts would sustain a conviction under another criminal charge.

The conviction, judgment and sentence are reversed, and the cause remanded with instructions to dismiss the charge against the defendant for which he was convicted.

It is so ordered.

COWAN, and HERNANDEZ, JJ., concur.