679 P.2d 1290

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**Mardur RODRIGUEZ, Defendant-Appellee.**

**No. 7494.**

Court of Appeals of New Mexico.

April 3, 1984.

Certiorari Denied April 25, 1984.

Paul Bardacke, Atty. Gen., Barbara F. Green, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Janet Clow, Chief Public Defender, Lynne Corr, Asst. Appellate Defender, Santa Fe, for defendant-appellee.

## OPINION

BIVINS, Judge.

Pursuant to NMSA 1978, § 39–3–3(B)(1) the State appeals from a district court order dismissing a charge of burglary against defendant. The sole issue on appeal is whether reaching into the bed of a pickup truck with the intent to commit a felony may constitute a burglary within the meaning of NMSA 1978, § 30–16–3.

The record indicates that the State charged defendant with burglary and larceny after the victim saw him taking a tool box from the bed of her pickup truck. The parties appear to agree that the tool box was lying in an open and uncovered area of the truck.

■ Burglary as defined by our New Mexico statute makes a radical departure from its common law predecessor. The crime of common law burglary consisted of six specific elements: (1) breaking and (2) entering (3) a dwelling house (4) of another (5) in the nighttime (6) with the intent to commit a felony therein. W. LaFave & A. Scott, *Handbook on Criminal Law* § 96 (1972). In contrast, the current New Mexico statute defines burglary as "the unauthorized entry of any vehicle; watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." Section 30–16–3. Thus, only the common law requirements of entry and intent (with the modification to include non-felony theft) have survived in our statutory proscription.

■ At common law, burglary was "an offense against the security of habitation or occupancy." C. Torcia, 3 *Wharton's Criminal Law* § 326 (14th ed. 1980). This Court has described the statutory offense as one against "the security of the proper-

ty which is entered." *State v. Ortiz,* 92 N.M. 166, 584 P.2d 1306 (Ct.App.1978). This change in definition reflects the legislature's expansion of the dwelling house requirement to include various movable and immovable structures. The rationale underlying the expansion, however, remains somewhat unclear. *See generally* Note, *Statutory Burglary—The Magic of Four Walls and a Roof,* 100 U.Pa.L.Rev. 411 (1951).

■ As defendant has pointed out, this Court construes penal statutes strictly in favor of the accused. *See Bokum Resources v. N.M. Water Quality Control Com'n,* 93 N.M. 546, 603 P.2d 285 (1979). In doing so, we follow established rules of statutory construction.

■ A statute should be construed in light of the purpose for which it was enacted. *State v. Trujillo,* 85 N.M. 208, 510 P.2d 1079 (Ct.App.1973). The general purpose of burglary statutes is to protect possessory rights with respect to structures and conveyances, *State v. Hankins,* 376 So.2d 285 (Fla.App.1979), and to define "prohibited space". *See People v. Davis,* 54 Ill.App.3d 517, 12 Ill.Dec. 362, 369 N.E.2d 1376 (1977).

■ Section 30–16–3 expressly includes "vehicles" as a prohibited space. Since this Court must give words used in a statute their ordinary meaning unless the legislature indicates a different intent, *State v. Tapia,* 89 N.M. 221, 549 P.2d 636 (Ct.App.1976), we hold that the bed of a pickup truck, as a part of a vehicle, falls within the statutorily protected area.

Defendant argues that this Court should follow the rationale set forth in *Smith v. First Judicial District Court,* 75 Nev. 526, 347 P.2d 526 (1959). There the Supreme Court of Nevada rejected the State's contention that "to hold one's hand over the platform body of a truck with intent to commit larceny is the entry of a vehicle" within the meaning of the Nevada burglary statute. *Id.* at 529, 347 P.2d 526. The Nevada court relied upon the case of *State v. Petit,* 32 Wash. 129, 72 P. 1021 (1903), in making its decision. *Petit* involved a Washington burglary statute which required breaking as well as entering to prove the crime. The Washington court, understandably, found it difficult to accept the idea that an individual could break and enter an open railroad flat car of wheat. Thus, the present case is distinguishable, and we decline to follow the precedent set by *Petit,* notwithstanding *Smith,* on the basis that our statute does not require a breaking.

We note that other jurisdictions have also concluded that the open portion of a pickup falls within the protected areas targeted by a state burglary statute, *see, e.g., State v. Cloud,* 324 N.W.2d 287 (S.D.1982); *People v. Romero,* 179 Colo. 159, 499 P.2d 604 (1972).

■ The district court's order dismissing the burglary charge in this case is reversed and the case remanded.

**IT IS SO ORDERED.**

DONNELLY, C.J., and ALARID, J., concur.