735 P.2d 536
**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**Raymond SANCHEZ and Robert N.**
**Landlee, Defendants-Appellants.**

**Nos. 9551, 9635.**

Court of Appeals of New Mexico.

March 3, 1987.

Certiorari Denied April 9, 1987.

Hal Stratton, Atty. Gen., Elizabeth Major, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Lynne Fagan, Appellate Defender, Santa Fe, for defendants-appellants.

**OPINION**

ALARID, Judge.

Defendants appeal from their convictions for burglary, raising the same issue on appeal. Citing *Arabie v. State*, 699 P.2d 890 (Alaska App.1985), each defendant asks this court to adopt an analysis of the New Mexico burglary statutes that would preclude his conviction for burglary. *See* NMSA 1978, §§ 30-16-3 and -4 (Repl. Pamp.1984). Defendant Sanchez raises this argument at the fourth calendaring notice stage of his appeal. Defendant Landlee raises this argument in his motion for rehearing, a memorandum opinion affirming his conviction having been previously entered by this court. In light of the issue, defendant Landlee's motion for rehearing was granted, and these appeals were consolidated for purposes of disposition. We decline to adopt the analysis proposed, and affirm each defendant's conviction.

Defendant Landlee was convicted of burglary by his unauthorized entry into the

loading dock area of A.P.K. Auto Parts, a retail store, with intent to steal. Defendant Sanchez was convicted of burglary by his unauthorized entry into an office in Presbyterian Hospital in Albuquerque, from which he stole a purse containing credit cards, cash and other valuables. Presbyterian Hospital is a building generally open to the public, as is the auto parts store burglarized by defendant Landlee. The essence of defendants' argument is that this court should follow the Alaska court's holding in *Arabie* and find that the acts committed by these defendants fail to fall within the definition of "burglary." Defendants continue to preserve other issues disposed of in previous calendaring notices and in the memorandum opinion entered in defendant Landlee's appeal, but raise no new arguments and cite no new authority on these other issues. We affirm as to these other issues, for reasons stated in the calendaring notices and the memorandum opinion previously entered.

Narrowly stated, defendant Landlee urges this court to find that entry into the rear entrance of an auto parts store, the store being otherwise open to the public, is not "unauthorized entry" for purposes of sustaining a conviction for burglary. Defendant Sanchez similarly argues that his entry into a particular office at Presbyterian Hospital, a public building not closed at the time of his entry, fails to satisfy the "unauthorized entry" element, and that the facts of his case do not sustain a conviction for burglary.

In *Arabie*, cited by defendants for their proposition, the Alaska Court of Appeals reversed a defendant's conviction for burglary on facts quite similar to those in defendant Landlee's case. Arabie was apprehended inside a walk-in cooler at the back of a 24-hour store with a case of beer in his hands. The Alaska court concluded that, while Arabie's entry into the rear room and beer cooler may have constituted criminal trespass, it did not, in itself, constitute unlawful entry of a building, an element of burglary under the Alaska statute. 699 P.2d at 893. Defendants similarly argue that, while they may have been guilty of larceny under the facts charged, their respective entries into Presbyterian Hospital and A.P.K. Auto Parts did not satisfy the "unauthorized entry" element of burglary under the New Mexico statute. *See* §§ 30–16–3 and –4.

Several differences between the language of the New Mexico and Alaska burglary statutes, coupled with differences in legislative history, convince us that New Mexico's law of burglary is not so strictly defined as that of our sister state. Foremost among those differences is Alaska's commitment to bringing statutory burglary close to its common law ancestor. "At common law, the crime of burglary consisted of a breaking and entering of a dwelling house of another in the nighttime with the intent to commit a felony therein." Black's Law Dictionary 179 (5th Ed.1979) ("Burglary"). Although the definition of burglary has been considerably expanded under modern statutes, *id.*, it was the determination of the Alaska Court of Appeals in the *Arabie* case that certain language in the Alaska statute was designed to "bring the law of burglary closer to its common law ancestor." 699 P.2d 893–94; *see* Alaska Stat. § 11.46.350(a) (1986). Consideration was given to the likelihood that the type of entry charged would terrorize occupants. 699 P.2d at 894; *see also Model Penal Code*, § 221.1 commentary at 70.

New Mexico, unlike Alaska, has demonstrated no legislative intent to restrict the definition of burglary nor to bring that crime closer to its common law root. *State v. Rodriguez*, 101 N.M. 192, 679 P.2d 1290 (Ct.App.1984). In New Mexico, the statutory offense of burglary is one against the security of property, and its purpose is to protect possessory rights. *Id.* We find no justification for considering the likelihood of terrorizing occupants as a significant criterion in determining whether a particular entry fits within our statute. Our state statute departs significantly from its common law origins. The court in *Arabie* noted that it did not mean to imply that a broader definition of burglary would ultimately be unsound as a matter of public policy or impermissible as a matter of law. 699 P.2d at 894, n. 3. New Mexico current-

ly recognizes a broader definition of the crime.

The *Arabie* court concluded that the walk-in cooler in that case failed to qualify as a "separate unit" for purposes of determining that Arabie had made unlawful entry into a "building" for burglary purposes. 699 P.2d at 893. Since it was undisputed that the store building itself was open for business, it was determined that the defendant in *Arabie* made lawful entry into the premises. *Id.* Again, New Mexico departs from Alaska. Two cases in our state establish that entry into separate units of a single building, if coupled with the necessary intent, will sustain a burglary conviction. *State v. Harris,* 101 N.M. 12, 677 P.2d 625 (Ct.App.1984); *State v. Ortega,* 86 N.M. 350, 524 P.2d 522 (Ct.App.1974). *Harris* and *Ortega* involved not only separate units, but separate propriety interests. In the case at bar, an argument could be made that an office worker has a separate propriety interest in use and occupancy of her own private office in the situation of defendant Sanchez, but it seems indisputable that a single proprietary interest is represented in the separate sections of the auto parts store in the situation of defendant Landlee. We therefore go further and look to the language of the statutes involved.

In New Mexico, the crime of burglary is defined by Section 30–16–3, which reads:

Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.

A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.

B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

In Alaska, burglary is defined under Alaska Stat. § 11.46.310(a) (1986), which reads:

A person commits the crime of burglary * * * if the person enters or remains unlawfully in a building with intent to commit a crime in the building.

"Building" is further defined by Alaska statute as follows:

"[B]uilding", in addition to its usual meaning, includes any propelled vehicle or structure adapted for overnight accommodation of persons or for carrying on business; when a building consists of separate units, including apartment units, offices, or rented rooms, each unit is considered a separate building[.]

Alaska Stat. § 11.81.900(b)(3) (Cum.Supp. 1986). Significant differences between statutes is apparent even on cursory inspection. New Mexico permits a conviction for fourth-degree (commercial) burglary upon entry of any vehicle, not specifying that such a vehicle must be adapted for overnight accommodations or for carrying on of business. *See, e.g., State v. Rodriguez.* Alaska relies exclusively on the definition of "building," as modified by statute, while New Mexico expressly brings not only dwelling houses, but vehicles, watercraft, aircraft and "other structures," movable or immovable, within the definition of its statute. The *ejusdem generis* argument that "other structure" is limited in its definition to the types of structures preceding it in the statute has been rejected by our supreme court, leaving the definition to be literally construed. *State v. Gonzales,* 78 N.M. 218, 430 P.2d 376 (1967).

Black's Law Dictionary definition of "burglary" encompasses a definition of "structure" that is adequate for the broad purposes of New Mexico statutory law. Black's Law Dictionary 179 (5th Ed.1979). That definition of the *actus reus* is:

A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with purpose to commit a crime therein, unless the premises are at the time, open to the public or the actor is licensed or privileged to enter.

*Id.* The separately occupied office entered by defendant Sanchez and the separately secured area of the store entered by de-

fendant Landlee fall within the definition of "structure" set forth above, and the necessary violation of "prohibited space" was thus proven at trial. *Cf. State v. Rodriguez.*

The convictions are AFFIRMED.

IT IS SO ORDERED.

BIVINS, J., concurs.

APODACA, J., specially concurs.

APODACA, Judge, specially concurring.

I specially concur with the majority to express some additional concerns raised by these two appeals. It is true, as the majority suggests, that the trend in American jurisprudence has been to expand considerably the definition of burglary under modern criminal statutes. But I believe there is a risk involved in stepping too far afield and I am concerned we may be approaching the limit of our statute's application. The court in *Arabie v. State*, 699 P.2d 890 (Alaska App.1985), cited by the majority, noted the potential problems with a broader definition of burglary if the distinction between burglary and other crimes (such as shoplifting) is blurred. Although we need not address what application our interpretation of the statute would have in every factual situation, I suggest these potential problems may be curbed by our adopting the two definitional standards I discuss below.

An essential element of the crime of burglary is an unauthorized entry. NMSA 1978, § 30–16–3 (Repl.Pamp.1984); *State v. Ortiz*, 92 N.M. 166, 584 P.2d 1306 (Ct.App. 1978). If a structure is open to the public, then an entry into that structure is deemed authorized. *State v. Rogers*, 83 N.M. 676, 496 P.2d 169 (Ct.App.1972). I agree with the majority's determination that where a building is partially open to the public, a defendant may be convicted of burglary if his entry exceeds the scope of the invitation to the public. However, I am troubled because the law in New Mexico provides no guidance on how one is to determine the scope of the invitation.

To be convicted of burglary, a defendant must *know* his entry was not authorized.

*State v. Ruiz*, 94 N.M. 771, 617 P.2d 160 (Ct.App.1980). When a building is at least partially open to the public, the prosecution must show defendant knew that his entry into the particular portion of the building was not within the scope of the public invitation. Even if a defendant is not actually authorized to enter, this fact alone does not unequivocally prove defendant *knew* he was unauthorized. The requisite knowledge must usually be inferred from the circumstances of defendant's actions. But when the building is at least in part open to the public, how is the fact finder supposed to measure the evidence presented by the prosecution? How far does the scope of the public invitation extend? The answers lie in the standards I am proposing.

I believe the Oregon statutory definition of "open to the public," which is part of that state's burglary statute, provides an appropriate guide. " 'Open to the public' means premises which by their physical nature, function, custom, usage, notice or lack thereof or other circumstances at the time would cause a reasonable person to believe that ' no permission to enter or remain is required." Or.Rev.Stat. § 164.-205(4) (1971). In this connection, I am particularly disturbed by the sufficiency of the evidence with respect to defendant Sanchez. I realize a jury found otherwise, but I, myself, am not entirely certain the state met its burden in showing that the hospital basement and the office entered by defendant were "prohibited space" to the public. A mere push of the "B" button on an elevator and a short walk down an open corridor would get anyone there.

As a guide to the bench and the bar, I would expressly adopt the Oregon standard as the law in New Mexico. Colorado and Missouri have already done so. *People v. Bozeman*, 624 P.2d 916 (Colo.Ct.App.1980); *State v. McGinnis*, 622 S.W.2d 416 (Mo.Ct. App.1981).

There is one additional concern I find necessary to address in light of the broadness of our burglary statute. Inasmuch as the decision in these two consolidated appeals holds that under our statute, a person may be convicted of burglary committed

within a building open to the public, I submit the court should expand on its definition of a "structure," by holding there is a violation of "prohibited space" whenever a person enters "any separately secured, *separately delineated* portion of another * * structure." *State v. Shears,* 47 Ohio Misc. 27, 30, 352 N.E.2d 660, 663 (1975) (emphasis added).

By applying these definitional standards, we can address potential problems arising from the historical trend—an expanding application of our burglary statute. The incorporation of these standards as uniform jury instructions may be an appropriate avenue to consider and would assure us the standards are not only known to, but applied by, a jury. I am not advocating that we judicially limit prosecutions under our burglary statute, but only that we take care we do not blur those often fine-line junctures of criminal elements, where one crime ends and another begins. Ultimately, it is the prosecutor who will discretionarily determine what criminal charge to bring against a particular defendant; where one crime does not fit, another may. But let us not lose sight of the constitutional risks involved in applying a criminal statute with too broad a brush.

I concur in the affirmances because I am satisfied that under the above standards, there was sufficient evidence presented to support the convictions.