869 P.2d 292

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Larry A. GREGORY, Defendant– Appellant.**

**No. 14939.**

Court of Appeals of New Mexico.

Nov. 30, 1993.

Certiorari Denied Feb. 18, 1994.

Tom Udall, Atty. Gen., Daniel F. Haft, Asst. Atty. Gen., Mary Catherine McCulloch, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Sue A. Herrmann, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

*OPINION*

HARTZ, Judge.

Defendant appeals a judgment and sentence on one count of burglary and one count of tampering with evidence. He does not independently challenge the tampering conviction but argues that the evidence is not sufficient to support his burglary conviction. Our second calendar notice proposed to affirm. Defendant filed a timely memorandum in opposition. We affirm.

The essential facts are undisputed. Defendant removed mail from Harry Parsons' post office box in the United States Post Office in Fort Sumner, New Mexico. The boxes are located in a lobby that is open to the public. The back of each box opens into the post office's mail sorting room, which is not open to the public.

NMSA 1978, Section 30–16–3 (Repl. Pamp.1984) states: "Burglary consists of the unauthorized entry of any ... structure ... with the intent to commit any felony or theft therein." Defendant contends that his conduct did not constitute burglary because the post office box is not a "structure" within the meaning of the statute.

We reject Defendant's argument. In *State v. Sanchez,* 105 N.M. 619, 621–22, 735 P.2d 536, 538–39 (Ct.App.), *cert. denied,* 105 N.M. 618, 735 P.2d 535 (1987), we held that a

separately secured area of a building otherwise open to the public is a "structure" within the meaning of the burglary statute. *See State v. Harris*, 101 N.M. 12, 19, 677 P.2d 625, 632 (Ct.App.1984) (affirming separate burglary convictions when defendant broke into two different government agencies that were located in the same building); *State v. Ortega*, 86 N.M. 350, 524 P.2d 522 (Ct.App. 1974) (affirming burglary convictions for breaking into locked storage lockers within a building). Here the separately secured area that constitutes a structure is the area consisting of the mail sorting room and the post office boxes.

Defendant's memorandum in opposition raises two factual questions. First, it argues that this Court does not know whether there is a door on the mail-sorting-room side of the mailbox. We find this assertion perplexing in light of the admission in Defendant's docketing statement that "the back of each mail box opens into the mail sorting room." Given that description, we conclude that the mail boxes and the sorting room are part of one structure.

▪ Second, the memorandum contends that it is not known whether "it is physically possible to enter the sorting room through the mail box." Apparently he questions whether a person could get into the sorting room through a box. But the size of the box is irrelevant. A burglary can be accomplished by an entry through an opening that could not accommodate a human being. *See State v. Jacobs*, 102 N.M. 801, 802–05, 701 P.2d 400, 401–04 (Ct.App.1985) (burglary accomplished by lowering bomb through a roof vent).

Defendant also seems to suggest that the mail box and sorting room cannot be part of the same structure because the post office has no possessory interest in the box. We are not sure why that would be legally relevant if it were true, but it is patently false. The post office has a possessory interest in all of its premises.

Finally, we find this case clearly distinguishable from *State v. Bybee*, 109 N.M. 44, 781 P.2d 316 (Ct.App.1989). That decision held that a separately locked soft drink vending machine located outside a grocery store is not a "structure" protected by the burglary statute. The box here, however, unlike the vending machine, is not an isolated object. The back of the vending machine did not open into a room. We are not saying that a box itself is a structure; rather, the structure here is the area encompassing both the boxes and the sorting room.

Defendant's conviction is affirmed.

**IT IS SO ORDERED.**

BLACK and FLORES, JJ., concur.