**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Frederick A. NICHOLS, Defendant– Appellant.**

No. 94CA1669.

Colorado Court of Appeals, Div. V.

May 2, 1996.

Rehearing Denied June 27, 1996.

902

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Matthew S. Holman, Assistant Attorney General, Denver, for Plaintiff–Appellee.

Amado L. Cruz, Denver, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Frederick Anthony Nichols, appeals the judgment of conviction entered upon a jury verdict finding him guilty of second degree burglary, robbery, and conspiracy. Nichols challenges both the sufficiency of the evidence and the application of a mandatory minimum statute to his sentence. We affirm the conviction, but remand for resentencing.

According to the prosecution's evidence, on October 18, 1993, Nichols and one of his fellow inmates at the Arapahoe County Jail entered the cell of another inmate and stole his personal commissary items. The victim testified that he was awakened when Nichols grabbed his ankle and threatened violence. Nichols and his accomplice, Belcher, who was known to the victim as "Red," took about fifty dollars worth of the victim's personal items. Several of the commissary items were found in Nichols' cell, but none were found in Belcher's cell.

At a joint trial of Nichols and Belcher, guards testified that the inmates could not refuse entry to guards or refuse to be searched. However, the jail cells had doors which could be locked from the inside.

Belcher claimed misidentification and was acquitted. However, the jury convicted Nichols of all charges. Applying the mandatory minimum provisions of § 18-1-105(9)(a)(V), C.R.S. (1995 Cum.Supp.), the trial court sentenced Nichols to eight years for the burglary with concurrent four-year sentences for the robbery and conspiracy.

I.

■ Nichols challenges the legality of his burglary conviction first arguing that, because inmates have no right to exclude others from their jail cells, he could not have entered the victim's cell unlawfully—a necessary element of second degree burglary as defined in § 18-4-203(1), C.R.S. (1986 Repl. Vol. 8B). We are not persuaded.

Merely because the victim could not refuse guards entry to his cell does not mean he had no right or reasonable expectation that he could exclude other inmates. Such right to exclude other inmates is indicated by the fact that the cells had doors that could be locked from the inside.

■ We also reject Nichols' related argument that a jail cell is not a dwelling for purposes of § 18-4-203(2)(a), C.R.S. (1986 Repl.Vol. 8B). A cell qualifies as a dwelling because it is used by persons for habitation. See People v. Germany, 41 Colo.App. 304, 586 P.2d 1006 (1978) (defining dwelling in second degree burglary statute to include a hospital room), rev'd on other grounds, 198 Colo. 337, 599 P.2d 904 (1979); see also Bousman v. State, 167 Ind.App. 386, 338 N.E.2d 723 (1975) (county jail deemed a dwelling under burglary statute); Sioux Falls Cable Television v. South Dakota, 838 F.2d 249 (8th Cir.1988) (defining prison cell as dwelling for purposes of cable television statute).

## II.

Nichols next argues that the trial court erred by answering the jury's query about the definition of unlawful entry. Again, we disagree.

Nichols concedes that the court's instruction was correct, but claims that he was not afforded an opportunity to address it in his closing arguments. Nichols does not specify what he would have argued differently, and a review of closing arguments shows that he did in fact cover the issue. The instruction was admittedly a correct statement of the law, and was within the trial court's discretion to give. *People v. Langford*, 191 Colo. 87, 550 P.2d 329 (1976). Nichols does not specify any prejudice, and we perceive none.

## III.

Nichols next claims that the trial court erred in denying his motion for acquittal on the conspiracy charge. We disagree.

Nichols was tried jointly with his co-defendant Belcher on the charge of conspiracy to commit burglary. Since the jury found Belcher not guilty of conspiracy, Nichols now argues that his own conviction must be vacated because he cannot have conspired with himself. Under the evidence presented here, we reject this argument.

The rule of consistency requires that when all defendants but one are acquitted of conspiracy, the remaining defendant must be acquitted as a matter of law, since conspiracy requires an agreement between two or more actors. *Bradley v. People*, 157 Colo. 530, 403 P.2d 876 (1965).

However, the general rule has been held inapplicable in cases in which the alleged conspirators are tried separately. The rationale is that, in separate trials, acquittal of all but one of the alleged conspirators "could result from a multiplicity of factors completely unrelated to the actual existence of a conspiracy." *Marquiz v. People*, 726 P.2d 1105, 1107 (Colo.1986).

Here, although the two alleged conspirators were tried together, we nevertheless conclude that this case falls within the *Marquiz* exception because, based upon the evidence presented, the acquittal of Belcher could result despite the actual existence of a conspiracy.

Belcher presented a misidentification defense, arguing that another inmate also nicknamed "Red" had conspired with Nichols to rob the victim of his commissary items. The jury found Belcher not guilty on all counts, apparently persuaded that Nichols had conspired with an inmate other than Belcher.

Thus, under these circumstances, the rule of consistency does not require that we vacate the conspiracy conviction. *See People v. Frye*, 898 P.2d 559 (Colo.1995) (jury verdicts in criminal cases generally need not be consistent).

## IV.

Finally, Nichols asserts that the trial court should not have sentenced him under § 18-1-105(9)(a)(V), which mandates the imposition of a minimum period of incarceration when a defendant commits a new felony while serving a sentence at a correctional institution for a previous felony. We agree with this contention.

The trial court acknowledged that Nichols had not been convicted of a previous felony when he committed the present felonies in the county jail. Nevertheless, the court determined that it was required to sentence him under § 18-1-105(9)(a)(V) because: (1) the Arapahoe County Jail qualified as a correctional institution; (2) at the time of the robbery, Nichols was being held in the county jail in lieu of bond awaiting trial on a separate felony charge; and (3) Nichols subsequently was convicted on that charge.

We agree with the trial court that the Arapahoe County Jail qualifies as a correctional institution under the statute. *See* § 17-31-102(3)(g), C.R.S. (1995 Cum.Supp.) (county jails are included in the definition of correctional institutions).

However, we disagree that defendant was sentenced under the correct part of the statute. Two subsections of § 18-1-105 requiring sentence enhancement arguably apply to Nichols' situation. The more serious of the two enhancements is § 18-1-105(9)(a)(V),

C.R.S. (1995 Cum.Supp.) which is triggered if:

> [t]he defendant was under confinement, in prison, or in any correctional institution *as a convicted felon* ... at the time of the commission of a felony. (emphasis added)

(requiring a minimum sentence of eight years for the class three felony of second degree burglary).

The less serious of the two enhancements is § 18–1–105(9.5)(a), C.R.S. (1995 Cum. Supp.), which applies when:

> [t]he defendant was charged with or was on bond for a previous felony at the time of the commission of the felony, for which previous felony the defendant was subsequently convicted.

(requiring a four-year minimum sentence for the class three felony of second degree burglary).

Apparently neither party argued the applicability of this latter subsection before the trial court, but the People have raised it in their brief as an alternative basis for imposing sentence. To clarify the issue, we asked the parties to submit supplemental briefs construing the two subsections and discussing their applicability here.

Initially, we note that, contrary to Nichols' contention, § 18–1–105(9.5)(a) has potential applicability to him because it was first enacted in 1990. The felony at issue here was committed in 1993. *See* Colo. Sess. Laws 1990, ch. 120 at 955.

Conversely, we are not persuaded by the People's assertion that the more serious subsection applies. The People urge us to construe § 18–1–105(9)(a)(V) to apply to *all* persons confined in correctional institutions, regardless of their status as convicted felons. According to the People, § 18–1–105(9.5)(a) thus applies only to persons on bond for a felony and not incarcerated. However, this construction ignores the words "as a convicted felon" contained in the former subsection, and the words "charged with" contained in the latter subsection.

When these words are given their plain meaning and when the language of the subsections is read together harmoniously, we conclude that the more serious enhancement provision applies to already convicted felons, whereas the less serious one applies to those persons who only are charged with a prior felony at the time of the new offense, but are later convicted of that offense. Such an interpretation of the statute as a whole gives consistent, harmonious, and sensible effect to all its parts. *See* § 2–4–201(1)(b), C.R.S. (1980 Repl.Vol.); *People v. Torres*, 812 P.2d 672 (Colo.App.1990).

Here, the trial court's findings make it clear that, at the time of the present offense, Nichols was only charged with a prior felony of which he was later convicted. Therefore, § 18–1–105(9.5)(a) applies. The People concede that if we reach this result, the proper remedy is to remand for resentencing under that subsection.

The judgment is affirmed. The sentence is vacated and the cause is remanded for resentencing.

TAUBMAN and CASEBOLT, JJ., concur.