(3 P.3d 582)

No. 82,090

STATE OF KANSAS, *Appellee*, v. CHARLES HALL, JR., *Appellant*.

Opinion filed April 7, 2000.

*Patrick H. Dunn*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jacqueline J. Spradling*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BRAZIL, C.J., PIERRON, J., and WAHL, S.J.

WAHL, J.: Charles Hall, Jr., appeals his convictions of three counts of burglary. In June 1997, the loss prevention supervisor at a Johnson County K-Mart retail store began finding empty pager boxes in the store stockroom located at the back of the store. He became concerned about the theft of property and installed a hidden video surveillance unit in a wall plate of the electronics portion of the stockroom.

On two days in June and one day in July, the surveillance camera photographed Hall, who was not an employee, taking a number of items from the stockroom. On each of these occasions, Hall took property including pagers, a Nintendo 64 game system, Nintendo game cartridges, two cellular phones, two bundles of calling cards, and a Sega Saturn system. As he took the items from the shelves, they were quickly opened and he shoved them into his trousers so they would not be visible.

On July 12, 1997, the supervisor was in his office when he looked at the surveillance monitor and saw Hall selecting merchandise from the stockroom. He saw Hall take cellular phones, a Sega Saturn game system, and a stack of prepaid calling cards. Seeing the theft in progress, the supervisor alerted his assistant manager and asked her to gather staff members and assist him with the situation in the stockroom immediately. The K-Mart personnel responded to the stockroom and detained Hall for his arrest by law enforcement officers. When Hall was patted down by the officers, it was revealed that he had no means to pay for the property he was attempting to take.

The stockroom is located in the back part of the store. Three separate doors provide access to the stockroom, but two of those doors remain locked during business hours. The stockroom contains no doors or windows to the outside of the building. Both the stockroom and the shopping area are located in the same building, share the same mailing address, and share the same utilities. No sign of any kind is posted on the unlocked door to the stockroom or in the hallway leading to the stockroom.

The authority to enter the K-Mart stockrooms is not extended to the general public. There are no cash registers there to conduct business, and there is not an employee there to assist customers. The purpose of the stockroom is for the storage of merchandise, not for shopping. From the retail portion of the store, there are two additional closed doors that the appellant had to walk through to eventually get to the electronics stockroom.

Following the preliminary hearing, Hall filed a motion to dismiss based upon the State's failure to prove that he had no authority to enter the stockroom. He argued that because he had authority to enter the K-Mart retail store, he had authority to be in the stockroom because it was part of the same building. The trial court denied the motion. The jury convicted Hall of three counts of burglary. The same argument was again made in Hall's motion for a new trial. The motion was again denied. Hall appeals.

K.S.A. 21-3715 defines burglary: "Burglary is knowingly and without authority entering into or remaining with any: . . . (b) building, manufactured home, mobile home, tent or other struc-

ture which is not a dwelling with intent to commit a felony, theft or sexual battery therein."

The issue before us hinges upon the interpretation of the elements of burglary. Statutory interpretation is a question of law and subject to unlimited review. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998). It is basic criminal law that the State has the burden to prove each element of burglary beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970). When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, the appellate court is convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Johnson*, 266 Kan. 322, 326, 970 P.2d 990 (1998).

Hall argues that he cannot be convicted of burglary for two reasons: (1) He entered K-Mart with the consent of K-Mart, and (2) the K-Mart stockroom was not a separate entity or building under the burglary statute.

K-Mart was open for business on the three occasions when Hall went into the stockroom and took items belonging to K-Mart. The words of the statute under scrutiny are "building" and "without authority." Hall argues that he had the authority of K-Mart to enter the building, including the stockroom.

We view the issue somewhat differently. The consent of K-Mart extended to the members of the general public to enter the K-Mart building is for the purpose of shopping. As a member of the general public, Hall had the authority of K-Mart to enter the retail store building. Being inside the building with authority, did Hall's entry into the storeroom portion of the same building constitute a burglary under K.S.A. 21-3715?

The issue before us requires us to construe the burglary statute. Some states have already addressed this issue. Unfortunately, Kansas has not and the case law provides very little guidance.

One Kansas case addresses the unauthorized entry into a public building. In *State v. Fondren*, 11 Kan. App. 2d 309, 721 P.2d 284, *rev. denied* 240 Kan. 805 (1986), entry was made into a school and

a purse was taken from a closet in an annex building occupied by students. The defendant argued that the element of an "unauthorized entry" was not satisfied because entering a public building during its regular hours cannot be "without authority." This argument was not deemed persuasive because the State presented evidence from the school's principal that the defendant had no authority, business, or reason to enter the annex classroom building, either express or implied.

In *Fondren*, this court pointed out that an entry to a public building is impliedly authorized only to the extent it is consistent with the purpose of the business transacted in the building. 11 Kan. App. 2d at 315. The court further noted that the Kansas burglary statute makes no distinction between private and public buildings, but there is no absolute right of every citizen to use public buildings or every part of a public building. 11 Kan. App. 2d at 315. The *Fondren* opinion concluded with the following statement:

"In sum, there is ample evidence to establish the element of an entry without authority and support the aggravated burglary conviction. We would caution that the key to this case is the defendant's knowingly entering the school without express or implied authority, with the intent to commit a theft." 11 Kan. App. 2d at 316.

We see a distinguishing factor between the entry of a public school annex and the entry of a building housing a retail commercial business.

Under the so-called "California rule," a defendant's criminal intent upon entry may render the entry "unlawful" under the burglary statute. *People v. Nunley*, 168 Cal. App. 3d 225, 214 Cal. Rptr. 82 (1985). Under such a rule, any theft that occurs inside a building would be elevated to a burglary because no one would authorize entry into a building to commit theft. Kansas has specifically rejected the "California rule." *State v. Harper*, 246 Kan. 14, 785 P.2d 1341 (1990). The Kansas Supreme Court reasoned that the legislature could have omitted the element that the entry must occur without authority, thereby making all entries to commit a crime within the statute, but it did not. Therefore, the rule must be rejected in order to give meaning to all provisions of the statute. 246 Kan. at 21. By the same rationale, the legislature could have

added that the unauthorized entry into a partitioned portion of a building which was entered with authority would constitute burglary, but it did not. In *Harper*, the Supreme Court cautioned trial courts to be careful not to extend the statutes beyond the clear intent of the legislature.

In *Arabie v. State*, 699 P.2d 890 (Alaska App. 1985), the Alaska court reversed a conviction for burglary on facts which are similar to the case before us. The defendant was apprehended inside a walk-in cooler at the back of a 24-hour store with a case of beer in his hands. The Alaska Court of Appeals held that Arabie's entry into the rear room and beer cooler may have constituted criminal trespass, but it did not constitute unlawful entry of a building. 699 P.2d at 893. Since it was undisputed that the store building was open for business, the court considered the entry to be lawful. The court concluded that the walk-in cooler failed to qualify as a "separate unit" for purposes of determining that the defendant had made an unlawful entry into a "building" for burglary purposes. 699 P.2d at 893. Similarly, in *State v. Thomas*, 210 Conn. 199, 206, 554 A.2d 1048 (1989), the Connecticut Supreme Court held that the counter behind a convenience store was not a separate building under the burglary statute.

On the other hand, in *State v. Sanchez*, 105 N.M. 619, 735 P.2d 536 (Ct. App. 1987), the New Mexico court considered two consolidated cases which involved "rooms" within a building, and both convictions for burglary were affirmed. Defendant Landlee was convicted of burglary by his unauthorized entry into the loading dock area of an A.P.K. Auto Parts, a retail store, with intent to steal. Defendant Sanchez was convicted of burglary by his unauthorized entry into an office in a hospital from which he stole a purse containing money and other valuables. Both places were buildings generally open to the public at the time of the crimes. The court held that the acts committed by the defendants did fall within the burglary statute. 105 N.M. at 621-22.

In *People v. Barefield*, 804 P.2d 1342, 1345 (Colo. App. 1990), the Colorado court held that "[a] general grant of authority or license to enter a part of a building does not necessarily include the right to enter subunits or other parts of the building." In *Hun-*

*ter v. State*, 68 Ga. App. 739, 23 S.E. 2d 871 (1942), the Georgia Court of Appeals upheld a conviction for burglary when the defendant entered a tool room of a store house open to the public. The Texas courts have also upheld a burglary conviction when the partitioned office area of a clothing store was burglarized. *Evans v. State*, 677 S.W.2d 814 (Tex. App. 1984). The court found that the office was sufficiently separate as to constitute a building within a building. 677 S.W.2d at 817.

In a concurring opinion of *Sanchez*, Judge Apodaca proposed a rule that if a building is partially open to the public, the State must prove that the defendant knew that entry into the particular portion of the building not within the scope of public invitation was unauthorized. 105 N.M. at 622. Standing alone, the fact that the defendant was not authorized would not unequivocally prove that he *knew* he was not authorized. This analysis would be fact specific and the requisite knowledge would be inferred from the circumstances of the defendant's actions. Most of all, it requires the courts to engage in innuendoes, inferences, and rationale beyond the language of our burglary statute.

The Indiana courts have adopted a version of the "reasonable belief" rule. In *Smith v. State*, 477 N.E.2d 857 (Ind. 1985), the Indiana Supreme Court held that a defendant's belief that he had permission to enter must be reasonable in order for the defendant to avail himself of the defense of consent. Similarly in *State v. Vowell*, 9 Hawaii App. 307, 837 P.2d 1308 (1992), the court held that a defendant cannot claim privilege when entering the back rooms of a nightclub open for business. There was substantial evidence to indicate to a reasonable person that this area was not open to the public. 9 Hawaii App. at 313.

It is a basic rule in Kansas that criminal statutes are to be strictly construed in favor of the accused and that statutory language must be given its plain and ordinary meaning. *State v. Vega-Fuentes*, 264 Kan. 10, 14, 955 P.2d 1235 (1998). A broad construction of K.S.A. 21-3715 would blur the line between burglary and crimes such as shoplifting and criminal trespass. We are not free to adapt the statute defining burglary by construing it to fit a set of facts presented to us. The facts must support the crime as it is defined by

the legislature. If the statute is to be changed, it must be changed by the legislature, not by the courts.

Hall may have been guilty of several criminal offenses, but one of them was not burglary. He did not enter the K-Mart building which housed the storeroom without authority. His conviction of burglary must be reversed.

Hall also raises an issue concerning jury instructions. In view of our decision, we need not consider this issue.

Reversed.

BRAZIL, C.J., concurring: I concur with the majority that given the language in the Kansas burglary statute and our rules of statutory interpretation in criminal cases, this act is not a burglary.

However, I do not believe any reasonable person would assume that he or she has permission to enter any part of a store, otherwise open to the public, with the intent to commit a crime, and not be subject to being charged with a burglary. Therefore, I would suggest that the Kansas Legislature consider revising the burglary statute to bring it into line with modern realities.

From my review of the cases of other jurisdictions, it is clear that some states have effectively dealt with the problem we face under the present facts. For example, in Texas, a person commits a burglary if, without the effective consent of the owner, the person enters a building, or any portion of a building, not then open to the public with the intent to commit a felony, theft, or assault. Tex. Penal Code Ann. § 30.02 (West 2000). Similarly, in Oregon, a person commits a burglary in the second degree if the person enters or remains unlawfully in a building with the intent to commit a crime therein. Or. Rev. Stat. § 164.215 (1997). The definition of building in the Oregon statute reads in relevant part: "Where a building consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building." To enter or remain unlawfully includes entering in or remaining upon a premises when the premises is not open to the public or when the entrant is not otherwise licensed or privileged to do so. In turn, "open to the public means premises which by their physical nature,

function, custom, usage, notice or lack thereof or other circumstances at the time would cause a reasonable person to believe that no permission to enter or remain is required." Or. Rev. Stat. § 164.205 (1)(3) and (4) (1997).

With the inclusion of this language in our burglary statute, it would be clear that in instances such as we face here, when a person enters a stockroom of a store that is otherwise open to the public, without permission, with the intent to commit a theft, that person can be guilty of burglary.