No. 82,090

STATE OF KANSAS, *Appellee*, v. CHARLES HALL, JR., *Appellant*.

(14 P.3d 404)

Opinion filed December 8, 2000.

*Patrick H. Dunn,* assistant appellate defender, argued the cause, and Jessica R. Kunen, chief appellate defender, was with him on the briefs for appellant.

*Jacqueline J. Spradling,* assistant district attorney, argued the cause, and *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, were with her on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J: Defendant appealed three burglary convictions. The Court of Appeals found that the defendant's entries into a storeroom in a public building in which he was authorized to enter was not a violation of the burglary statute and reversed defendant's convictions. *State v. Hall,* 27 Kan. App. 2d 313, 3 P.3d 582 (2000). The State's petition for review was granted. The State claims that an unauthorized entry into a nonpublic storeroom of a retail store is a burglary.

Hall, who was not an employee, was recorded on video surveillance on three separate occasions entering the stockroom of a K-Mart store and stuffing merchandise into his trousers. From the public retail area of the store, there were two closed doors that

Hall had to pass through to get to the stockroom. The stockroom had three separate doors, two of which were locked. The third door was not locked to facilitate entrance into the stockroom by employees. K-Mart did not intend for its customers to enter into the stockroom.

During Hall's third foray into the stockroom, he was observed on the video camera taking cellular phones, a Sega Saturn game system, and a stack of prepaid calling cards. Hall was apprehended by employees and searched. When apprehended, Hall did not have a checkbook, cash, or credit cards to purchase the items from K-Mart.

Hall was convicted of three counts of burglary. He appealed his convictions. The Court of Appeals reversed, holding that the elements of burglary required by K.S.A. 21-3715 had not been established because Hall's entries into the building were authorized by K-Mart.

### Statutory Crime

It is basic criminal law that the State has the burden to prove each element of a crime without a reasonable doubt. K.S.A. 21-3109. The elements of burglary relevant to this case are knowingly and without authority entering into or remaining within any building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein. K.S.A. 21-3715.

Kansas courts are required to strictly construe penal statutes in favor of the accused. This rule of strict construction, however, is subject to the rule that judicial interpretation of a statute must be reasonable and sensible to effect legislative design and intent. *State v. Tyler*, 251 Kan. 616, Syl. ¶ 15, 840 P.2d 413 (1992).

In concluding that Hall had not committed the crime of burglary, the Court of Appeals queried:

"The consent of K-Mart extended to the members of the general public to enter the K-Mart building for the purpose of shopping. As a member of the general public, Hall had the authority of K-Mart to enter the retail store building. Being inside the building with authority, did Hall's entry into the storeroom portion of the same building constitute a burglary under K.S.A. 21-3715?" 27 Kan. App. 2d at 315.

In addressing the issue, the Court of Appeals discussed *State v. Fondren*, 11 Kan. App. 2d 309, 721 P.2d 284, *rev. denied* 240 Kan. 805 (1986). In *Fondren*, the defendant, who was not a student, entered a school annex and took a purse from a closet in a building occupied by students. The defendant was charged with aggravated burglary and misdemeanor theft. Fondren argued that the criminal element of an "unauthorized entry" was not established because his entry into a public building during its regular hours was authorized.

The *Fondren* court noted that the Kansas burglary statute makes no distinction between private and public buildings, but there is no absolute right of every citizen to use public buildings or every part of a public building. 11 Kan. App. 2d at 315. The court pointed out that an entry to a public building (school annex) is impliedly authorized only to the extent it is consistent with the purpose of the business transacted in the public building. 11 Kan. App. 2d at 316. The *Fondren* court, in concluding that there was ample evidence to establish the element of an entry without authority and support the aggravated burglary conviction, cautioned that the key to this case was the defendant's (a nonstudent) knowingly entering the school (annex) without express or implied authority, with the intent to commit a theft. 11 Kan. App. 2d at 316.

The Court of Appeals in *Fondren* observed that (1) authority to enter a public building may be either express or implied, and (2) authority to enter a public building is linked to the purpose or business for which the public building is open. *Fondren*, 11 Kan. App. 2d 309, Syl. ¶¶ 5 and 6. In *Hall*, it distinguished Fondren's act from Hall's by noting that Fondren, a nonstudent, had no authority to enter the school annex, whereas Hall was authorized to enter the K-Mart building. The Court of Appeals observed that in *State v. Harper*, 246 Kan. 14, 21, 785 P.2d 1341 (1990), this court rejected the "California Rule," under which a defendant's criminal intent upon entry renders an authorized entry unlawful.

In *Harper*, the defendant's employer had given Harper a key and permission to enter the employer's building for a variety of purposes at all hours of the day and night. The *Harper* court observed that even though Harper had authority to enter the main-

tenance building where he worked, he had no authority to remove papers by forced entry into a locked file cabinet within the building.

The *Harper* court noted California had broadly interpreted its burglary statute and had determined that a defendant's criminal intent upon entry renders the authorized entry into the building an "unlawful" burglary. *People v. Nunley*, 168 Cal. App. 3d 225, 214 Cal. Rptr. 82 (1985). The *Harper* court pointed out that the California rule has been criticized by other jurisdictions. For example, the Colorado Supreme Court had noted that under the California rule, "one who enters a building, even with the permission of the owner, but with intent to commit a theft therein, would *a fortiori* be guilty of burglary. Intent at the time of entry in Colorado is not the sole element of burglary under our statute." *People v. Carstensen*, 161 Colo. 249, 251, 420 P.2d 820 (1966).

The *Harper* court observed that under the California rule, any theft that occurs inside a building would be elevated to a burglary because no one would authorize an entry into a building for an individual to commit theft. It noted that the Kansas Legislature could have omitted the element in the burglary statute that the entry must occur "without authority," thereby making all entries to commit a felony or theft a burglary, but it did not do so. Therefore, the statute must be construed in a manner that gives meaning to all the provisions. 246 Kan. at 21. The *Harper* court found that Harper's authority to enter the building was not negated because he entered into the building for an unlawful purpose. 246 Kan. at 20.

## State's Argument

Following the rationale of *Harper*, the Court of Appeals concluded that to interpret the Kansas burglary statute broadly would blur the line between burglary and other crimes such as shoplifting and criminal trespass. 27 Kan. App. 2d at 318. The State asserts that Hall's intent to commit a burglary was evidenced by his string of thefts from the stockroom and, when apprehended, Hall had no ability to purchase the items taken. The State argues that the statutory elements of burglary were established because Hall had no

authority or permission to enter the K-Mart stockroom to commit theft.

## Discussion

K.S.A. 21-3715(b), under which Hall was charged, defines burglary as "knowingly and without authority entering into or remaining within any: . . . building, manufactured home, mobile home, tent or other structure which is not a dwelling, with intent to commit a felony, theft or sexual battery therein." To support its argument the State pointed to other jurisdictions which have determined that an unauthorized entry into a subunit of a building or rooms of a house constitutes burglary, even if the defendant was authorized to enter other portions of the building or home. Chief Judge Brazil, in his concurring opinion, answered the State's argument by suggesting that the Kansas Legislature should consider revising the Kansas burglary statute so that it treats the subparts of a structure as separate structures within the Kansas burglary statute. By doing so, the legislature can follow the lead of Texas and Oregon. 27 Kan. App. 2d at 319.

Texas defines burglary as entering a building, or portion of a building, not then open to the public with the intent to commit a felony, theft, or assault. See Tex. Penal Code Ann. § 30.02 (West 2000). The Oregon legislature resolved this dispute by allowing portions of a building to be treated as separate buildings. Or. Rev. Stat. § 164.205 (1999). The relevant portion of the Oregon statute states:

"(1) 'Building,' in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein. *Where a building consists of separate units, including, but not limited to, separate apartments, offices or rented rooms, each unit is, in addition to being a part of such building, a separate building.*

. . . .

"(3) 'Enter or remain unlawfully' means:

"(a) To enter or remain in or upon premises when the premises, at the time of such entry or remaining, are not open to the public or when the entrant is not otherwise licensed or privileged to do so;

. . . .

"(4) 'Open to the public' means premises which by their physical nature, function, custom, usage, notice or lack thereof or other circumstances at the time

would cause a reasonable person to believe that no permission to enter or remain is required." (Emphasis added.) Or. Rev. Stat. § 164.205(1), (3), and (4).

To support its argument, the State first cites *State v. Vowell*, 9 Hawaii App. 307, 837 P.2d 1308, *cert. denied* 74 Hawaii 652 (1992). Hawaii's burglary statute distinguishes between an ordinary building and one with areas partially closed to the public. Hawaii defines building as "any structure, . . . . each unit of a building consisting of two or more units separately secured or occupied is a separate building." *Vowell*, 9 Hawaii App. at 311 (citing Hawaii Rev. Stat. § 708- 800 [1991 Supp.]). We note that unlike our statute, the Hawaii statute treats subparts of a building as separate buildings.

In citing *People v. Nichols*, 920 P.2d 901 (Colo. App. 1996), and *People v. Germany*, 41 Colo. App. 304, 586 P.2d 1006 (1978), rev'd on other grounds 198 Colo. 337, 599 P.2d 904 (1979), for authority, the State disregards the fact that the statutory definitions applicable to Colorado's burglary statute are significantly different from the Kansas statute. The relevant Colorado burglary statute is Colo. Rev. Stat. § 18-4-203 (2000), which states:

"(1) A person commits second degree burglary, if the person knowingly breaks an entrance into, enters unlawfully in, or remains unlawfully after a lawful or unlawful entry in a building or occupied structure with intent to commit therein a crime against another person or property."

Although Colo. Rev. Stat. § 18-4-203 is similar to the Kansas burglary statute, Colo. Rev. Stat. § 18-4-201(3) (2000) defines the terms of the burglary statute in the following manner:

"(3) A person 'enters unlawfully' or 'remains unlawfully' in or upon premises when the person is not licensed, invited, or otherwise privileged to do so. A person who, regardless of his or her intent, enters or remains in or upon premises that are at the time open to the public does so with license and privilege unless the person defies a lawful order not to enter or remain, personally communicated to him or her by the owner of the premises or some other authorized person. *A license or privilege to enter or remain in a building that is only partly open to the public is not a license or privilege to enter or remain in that part of the building that is not open to the public.*" (Emphasis added.)

Because the Colorado statute is different from the Kansas statute, the *Nichols* and *Germany* cases are inapplicable.

*State v. Norfolk*, 745 S.W. 2d 737 (Mo. App. 1987), cited by the State, is similarly faulty. The definitions that correspond to the Missouri burglary statute are nearly identical to those of Colorado and can be found at Mo. Rev. Stat. § 569.010(8) (1994). The Missouri statute states in part:

"[A] person 'enters unlawfully or remains unlawfully' in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his purpose, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or by other authorized person. *A license or privilege to enter or remain in a building which is only partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public."* (Emphasis added.)

Because the Missouri Legislature, unlike ours, distinguishes between a building and its subparts, the Missouri case is inapplicable.

In New Mexico, burglary is statutorily defined as "the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein." N.M. Stat. Ann. § 30-16-3 (Michie 1994); see *State v. Sanchez*, 105 N.M. 619, 621, 735 P.2d 536 (Ct. App. 1987). The defendant in *State v. Gregory*, 117 N.M. 104, 869 P.2d 292 (Ct. App. 1993), removed mail from a post office box in a United States Post Office. The box opened into the post office's mail sorting room, which was not open to the public. The *Gregory* court held that "a separately secured area of a building otherwise open to the public is a 'structure' within the meaning of the burglary statute." 117 N.M. at 104-05. In reaching its conclusion, the *Gregory* court relied on *Sanchez*, 105 N.M. 619.

In *Sanchez*, the defendant was convicted of burglary for an unauthorized entry into an office in a hospital where he stole a purse containing credit cards, cash, and other valuables. Sanchez argued that his entry into a particular office of the hospital, a public building not closed to his entry, did not satisfy the "unauthorized entry" element of burglary and cited Alaska authority for this argument.

The *Sanchez* court reviewed the differences between the Alaska burglary statute and the New Mexico statute and the distinct pol-

icies advanced in the statutes of the two states. Alaska's legislative history suggested a legislative intent to limit the scope of the burglary statute, reasoning that its burglary statute was designed to follow its common-law ancestor, which protected occupants of homes from terror. It noted that the New Mexico Legislature had demonstrated no intent to restrict the definition of burglary or to follow its common-law roots, stating: "In New Mexico, the statutory offense of burglary is one against the security of property, and its purpose is to protect possessory rights." 105 N.M. at 620. Rejecting the *ejusdem generis* rule of statutory construction, the *Sanchez* court found that the office located in the hospital fell within the scope of "other structure" in the burglary statute. 105 N.M. at 621-22.

Hall takes issue with the State's reliance on *Sanchez*, pointing out that this court recently relied upon the rule of *ejusdem generis* in *Moler* and found that an open lean-to attached to a workshop was not a structure contemplated by the Kansas burglary statute. *State v. Moler*, 269 Kan. 362, 2 P.3d 773 (2000). In reaching this conclusion, the *Moler* court discussed a 1995 New Mexico case, *State v. Foulenfont*, 119 N.M. 788, 895 P.2d 1329 (Ct. App. 1995), where the New Mexico court had applied strict construction to its burglary statute and determined a fence was not an "other structure" similar to a vehicle, watercraft, aircraft, or dwelling. 119 N.M. at 791. After noting *Sanchez* and other decisions rejecting the *ejusdem generis* rule of statutory construction, the *Foulenfont* court stated:

"[W]e conclude that the scope of the burglary statute as set forth under the 'or other structure' language does not encompass the facts as alleged here. We disagree with the State that our holding is in conflict with [prior] cases adopting a literal interpretation of this language. See *State v. Gonzales*, 78 N.M. 218, 430 P.2d 376 (1967); *Sanchez*, 105 N.M. 619, 735 P.2d 536. *Gonzales* involved entry into a food store, and *Sanchez* involved entry into . . . a separately occupied office in a church [*sic*]. As we interpret these cases, *ejusdem generis* was rejected insofar as the defendants were arguing that the 'other structure' had to be akin to a dwelling or place of habitation and did not include buildings used for commercial or other purposes. It seemed clear in *Gonzales* and *Sanchez* that such an argument would undermine the legislative purpose of broadening the burglary statute be-

yond its common law origins. Moreover, the structures involved in those cases fit within the plain meaning of the statute." 119 N.M. at 791.

The *Foulenfont* court used the strict construction rule for interpreting the burglary statute, modified its prior rejection of the *ejusdem generis* rule of statutory construction, and noted that entry into a subunit of a building satisfies the statute but entry into a fenced enclosure outside the building does not. 119 N.M. at 791-92.

We note the cases cited from those jurisdictions provide little support for the State's position because their burglary statutes are significantly different from the Kansas burglary statute. As noted in our recent burglary case, *State v. Moler*, 269 Kan. at 368: "Case law from other jurisdictions has little value in our analysis [of the Kansas burglary statute] as different statutes are involved and the respective courts are building on their own prior case law."

Hall's illegal intent to commit a theft when entering the stockroom is evidenced by the presence of stockroom merchandise in Hall's trousers, the lack of funds or other means to pay for the merchandise, and Hall's prior thefts of items in the stockroom. However, we are required to strictly construe penal statutes in favor of the accused, subject to the rule that judicial interpretation must be reasonable and sensible to effect legislative design and intent. As aptly stated by the Court of Appeals:

"A broad construction of K.S.A. 21-3715 would blur the line between burglary and crimes such as shoplifting and criminal trespass. We are not free to adapt the statute defining burglary by construing it to fit a set of facts presented to us. The facts must support the crime as it is defined by the legislature. If the statute is to be changed, it must be changed by the legislature, not the courts." 27 Kan. App. 2d at 318-19.

We affirm the Court of Appeals' reversal of Hall's convictions. We reverse the district court's convictions.