2002-NMCA-109

59 P.3d 1264

**STATE of New Mexico, Plaintiff–Appellant,**

v.

**Frank TOWER, Defendant–Appellee.**

No. 22,670.

Court of Appeals of New Mexico.

Sept. 11, 2002.

Certiorari Denied, No. 27,744,
Nov. 20, 2002.

Patricia A. Madrid, Attorney General, Arthur W. Pepin, Assistant Attorney General, Santa Fe, NM, for Appellant.

Phyllis H. Subin, Chief Public Defender, Laurel A. Knowles, Assistant Appellate Defender, Santa Fe, NM, for Appellee.

## OPINION

**BUSTAMANTE, Judge.**

{1} The State appeals the trial court's dismissal of a burglary charge filed against Defendant. We hold that the trial court erred in determining that Defendant had inadequate notice of the crime under the United States and New Mexico Constitutions. We reverse and remand for reinstatement of the charge.

## BACKGROUND

{2} On March 11, 1998, Defendant was given a "Trespass Notice" by Foley's department store. The notice stated that, due to incidents of shoplifting, Defendant was no longer welcome in any Foley's. It stated that if Defendant was ever found on Foley's property, he would be arrested for criminal trespass. The written notice was apparently acknowledged by Defendant. Further, it appears that Defendant was given oral notification to the same effect.

{3} Two years later, in June of 2000, Defendant was seen in Foley's shoplifting clothing items valued between $100 and $250. Defendant was indicted on charges of burglary and larceny. He filed a motion to dismiss the burglary charge arguing the limited scope of the trespass notice. The trial court granted the motion, ruling that "the Defendant had inadequate notice under the U.S. and New Mexico Constitutions." The trial court stated, "There is nothing in the notice served on Mr. Tower that alerts him to the fact that his re-entry into Foley's will result in any charge more severe than trespassing." The State's motion for reconsideration was denied and it now appeals.

## DISCUSSION

{4} The trial court's dismissal of the burglary charge was based on a determination that Defendant did not have adequate notice that his conduct in entering Foley's for the purpose of shoplifting would constitute burglary. The ruling seems to be based on a finding that the burglary statute is unconstitutionally vague as applied to Defendant's conduct. "[T]he test of whether a statute is unconstitutionally vague so as to violate constitutional due process is whether the statute gives a person of ordinary intelligence a reasonable opportunity to know what conduct is prohibited." *State v. Luckie*, 120 N.M. 274, 277, 901 P.2d 205, 208 (Ct.App.1995). When we review a statute for constitutionality, we presume that the statute is constitutional. *Id.* "A constitutional challenge grounded upon a claim of vagueness involves a mixed question of law and fact that is reviewed de novo." *State v. Duran*, 1998–NMCA–153,

¶ 31, 126 N.M. 60, 966 P.2d 768. "Because the essence of a vagueness claim rests on a lack of notice, a party may not succeed on the claim if the statute clearly applies to the defendant's conduct." *Id.*

{5} The crime of burglary "consists of the unauthorized entry of any ... structure, ... with the intent to commit any felony or theft therein." NMSA 1978, § 30–16–3 (1971). Here, Defendant entered the Foley's department store after his permission to enter had been revoked. Thus, he was unauthorized to enter the store. Since he was caught stealing articles from the store, it can reasonably be inferred that he entered the store with the intent to steal items from it. It appears that the burglary statute clearly applies to Defendant's conduct.

{6} The question, however, is whether the trespass notice given to Defendant was adequate to notify him that his entry was unauthorized such that he could be charged with anything other than criminal trespass. The notice specifically states that Defendant is no longer welcome in Foley's. It further specifically states that any future presence on Foley's property will be viewed as a trespass. Defendant argued, and the trial court appears to have agreed, that the language of the notice limited any criminal charges against Defendant, if he came onto Foley's property, to criminal trespass. We do not believe that this is a reasonable reading of the notice. The notice simply told Defendant that he would be trespassing if he came on to Foley's property ever again.

{7} Trespassing, both at common law and by statute, is the entry onto another's property without permission of the owner. *See North v. Pub. Serv. Co.*, 94 N.M. 246, 247, 608 P.2d 1128, 1129 (Ct.App.1980) (identifying common law trespass); NMSA 1978, § 30–14–1 (1995) (defining criminal trespass). Here, the store was generally open to the public as a place of commerce. Thus, the shopping public was given authority to enter the store. However, there is no question that a private property owner can restrict the use of its property, either to certain persons or to those purposes for which it was dedicated so long as the restrictions are not discriminatory. *See Adderley*

*v. Florida*, 385 U.S. 39, 47, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966) (holding that a jail was not open to the public and that the State could properly limit access to portions of jail property). Foley's gave notice to Defendant that he could no longer come into the store. Thus, it revoked any authority that he might otherwise have had to enter the property as a member of the public. We do not believe that the notice had any effect, other than to revoke Defendant's permission to enter the store.

{8} We liken the notice given to Defendant to those notices that may be posted restricting access to certain areas in an otherwise public area. In cases where a person has entered an unauthorized area of an otherwise public area with the intent to steal, we have found that burglary occurred. *State v. Romero*, 119 N.M. 195, 197, 889 P.2d 230, 232 (Ct.App.1994) (finding that a burglary occurred when the defendant entered an office area not open to the public and stole a purse); *State v. Sanchez*, 105 N.M. 619, 619–20, 735 P.2d 536, 536–37 (Ct.App.1987) (finding that a burglary occurred when the defendant entered the loading dock area of an auto parts store with the intent to steal). Thus, where a defendant has notice that he is not authorized to enter a particular area and he, nevertheless, does so with the intent to commit a theft, he can be charged with burglary.

{9} Defendant's claim that he did not know that he could be charged with burglary if he went to Foley's to shoplift is unpersuasive. We have often stated that ignorance of the law is no excuse. *State v. Montoya*, 91 N.M. 262, 265, 572 P.2d 1270, 1273 (Ct.App.1977). Every person is presumed to know the law. It is the law that must give a reasonable person notification that his conduct is criminal, not the purported victim. Here, the law is clear that a burglary is an unauthorized entry into a structure with the intent to commit a felony or theft therein. Defendant knew that he was not authorized to enter Foley's. Thus, his entry for the purpose of committing shoplifting (a theft) was a burglary.

{10} At least one other state has found burglary to be the correct charge where a

defendant's authorization to enter a store has been revoked and he re-enters with the intent to shoplift. *State v. Kutch*, 90 Wash. App. 244, 951 P.2d 1139 (1998). Defendant attempts to distinguish the case by arguing that the notice in this case was different. In *Kutch*, the notice stated that if the defendant entered the mall during the period of revocation, he would be charged with criminal trespass and if he shoplifted again, he would be charged with burglary. *Id.* at 1140–41. Thus, Defendant argues, the burglary charges in *Kutch* were permissible because the defendant was notified that he could be so charged. *Kutch*, however, was not decided based on the specific language in the notice, but on the fact that the notice revoked any consent that the defendant had to enter the mall. The Washington court determined that because the defendant had been given notice that he was not authorized to come on the property, his re-entry into the mall was unauthorized and could form the basis for a burglary charge.

{11} We do not believe the threat of a particular criminal charge is what is important in the notice. Rather, the notice simply revokes permission to enter the premises, which is otherwise open to the public. The threat that any re-entry would be prosecuted as trespassing was nothing more than notice to Defendant that he was not authorized to enter the store.

{12} Defendant argues that the notice in this case was a limited notice of prohibition. He argues that the prohibition limited the consequences of his violation to a charge of criminal trespass. Relying on cases interpreting the meaning of contracts and statutes, Defendant argues that by specifying the specific consequence of his violation of the notice, all other consequences were excluded. However, the maxim of *expressio unius est exclusio alterius*—expression of one thing excludes all others—is simply an aid to construction, not a rule of law. *See State v. Martinez*, 92 N.M. 291, 293, 587 P.2d 438, 440 (Ct.App.1978). It is, further, of limited application even in construing statutes. We do not believe that the maxim has any application here in determining the effect of the notice.

{13} Further, the interpretation that Defendant seeks to have this Court adopt would allow him to evade any criminal charges that might result from his presence in the store. He appears to be arguing that if he went to the store and damaged property, he could only be charged with criminal trespass and not criminal damage to property. His argument that every crime he could be charged with should be included in the notice is simply not the law. To have such a requirement is absurd. *See Johnson v. City of Alamogordo*, 1996–NMSC–004, ¶ 9, 121 N.M. 232, 910 P.2d 308 (pointing out that this Court will not engage in interpretation which leads to an absurd result).

{14} Finally, Defendant argues that the State is equitably estopped from prosecuting him for burglary because the notice only gave him specific notification that he would be punished for trespassing. As Defendant rightly points out, New Mexico courts are reluctant to apply estoppel to the state. *See Lopez v. State*, 1996–NMSC–071, ¶ 20, 122 N.M. 611, 930 P.2d 146. However, if right and justice demand it, we will apply the elements of equitable estoppel to State conduct. Here, we do not believe that the elements require application of equitable estoppel.

{15} The elements as related to the party estopped are (1) conduct amounting to a false representation or concealment of material facts, or at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those that the party subsequently attempts to assert; (2) intention, or at least expectation, that such conduct shall be acted upon by the other party; and (3) knowledge, actual or constructive, of the real facts. *Id.* ¶ 18. With regard to the party claiming estoppel, the factors are (1) lack of knowledge and the means of knowledge of the truth as to the facts in question, (2) reliance upon the conduct of the party estopped, and (3) action based thereon of such a character as to change his position prejudicially. *Id.*

{16} Defendant argues that the notice gave him the impression that he would only be prosecuted for criminal trespass if he re-

entered the store. Yet, the State used the notice to prosecute him for burglary. Thus, he contends that the facts regarding the notice were different than what the State later asserted. We fail to see how that is so. Defendant ignores the fact that he not only entered Foley's property, but that he also stole merchandise from the store. Thus, there was more involved here than Defendant simply going into the store. If Defendant had simply gone into the store without some other conduct, the charge would have been trespassing. There was no misrepresentation.

{17} Other estoppel factors require that Defendant acted on the notice with the expectation that he would only be charged with trespassing. However, there is no suggestion in the record that Defendant re-entered the store and shoplifted knowing that he would only be prosecuted for trespassing. Therefore, the facts do not support Defendant's claim that the State should be estopped from prosecuting him for burglary.

{18} Finally, and most importantly, we do not see how equitable estoppel can be applied to the State when the State did not issue the notice.

## CONCLUSION

{19} We hold that the trial court erred in determining that Defendant did not have adequate notice that his actions in entering Foley's after having been told not to do so, and stealing something, would result in burglary charges. Defendant was properly charged with burglary for entering the store without authorization with the intent to commit shoplifting therein. We reverse the dismissal of the burglary charge and remand to the trial court for reinstatement of the charge.

{20} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER and IRA ROBINSON, Judges.