This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITY OF AZTEC,**

    Plaintiff-Appellee,

v.                                    **NO. 29,951**

**JOHN GROH,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Sandra A. Price, District Judge**

Thrower Law Firm
Larry T. Thrower
Farmington, NM

for Appellee

John Groh
La Plata, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

    Defendant appeals his convictions for failure to comply with a traffic control device and failure to comply with mandatory motor vehicle insurance. We proposed to affirm the convictions. Defendant has timely responded, along with a motion to

amend the docketing statement. As we believe that the additional issue Defendant seeks to raise in his motion to amend the docketing statement is already before the Court, we deny the motion to amend. We have considered Defendant's arguments and affirm.

Both below and in this Court, Defendant has argued that the municipal court where he was first convicted of these traffic violations did not have jurisdiction to hear the matter. He sought to have the matter brought before a magistrate pursuant to NMSA 1978, Section 66-8-122(F) (1985). As we pointed out in our calendar notice, municipal courts have jurisdiction over violations of municipal ordinances. NMSA 1978, Section 35-14-2 (1988). Defendant appears to acknowledge that municipal courts have jurisdiction over violation of municipal ordinances. [MIO 1] However, he argues that the ordinances here are really state traffic laws and, therefore, he should be able to invoke the jurisdiction of the magistrate court over state traffic violations.

The record, including Defendant's own exhibits, establish that he was charged with violation of Aztec city ordinances. [RP 238-240] As is common in New Mexico, the City of Aztec has adopted as its own ordinances a number of state traffic laws. [RP 563] *See* NMSA 1978, § 66-7-9(A)(11) (2003) (permitting local authorities to adopt traffic regulations authorized by state statute). Further, as is required by statute, the citing officer used the Uniform Traffic Citation, which in places refers to certain

2

state statutes. *See* NMSA 1978, § 66-8-130 (1990) (requiring use of uniform traffic citation by municipalities). Contrary to Defendant's arguments, we do not believe that he was charged with any state traffic violations.

Because the traffic violations were violations of city ordinances, the municipal court had jurisdiction. The state statute to which Defendant refers, NMSA 1978, Section 66-8-122(1985), is applicable only to violations of state statute pursuant to which the magistrate courts have jurisdiction.

Defendant argues that due process requires application of state law and thus magistrate court jurisdiction for those who are not residents of the municipality. [MIO 2] He argues that a non-resident cannot know what ordinances may exist and, thus, has no notice that he might be violating those ordinances. The essence of due process does not require the government to ensure that everyone be aware of every law in existence. Everyone is presumed to know the law. *See State v. Tower*, 2002-NMCA-109, ¶ 9, 133 N.M. 32, 59 P.3d 1264 ("We have often stated that ignorance of the law is no excuse. Every person is presumed to know the law." (citation omitted)). Thus, whether or not he was a resident, Defendant was presumed to know and follow the city ordinances.

Procedural due process is the element of the due process provisions of the Fifth and Fourteenth Amendments which relates to the requisite characteristics of

proceedings seeking to effect a deprivation of life, liberty, or property. It has been described as follows: one whom it is sought to deprive of such rights must be informed of this fact (that is, he must be given notice of the proceedings against him); he must be given an opportunity to defend himself (that is, a hearing); and the proceedings looking toward the deprivation must be essentially fair. *See Reid v. N.M. Bd. of Exam'rs of Optometry*, 92 N.M. 414, 415-16, 589 P.2d 198, 199-200 (1979). We are unpersuaded that it was a violation of due process to proceed under city ordinances in municipal court rather than under state statute in magistrate court.

Defendant continues to argue that he was convicted of violating an ordinance that did not exist. He argues that there was no ordinance requiring insurance on his motor vehicle. The state statute requiring proof of financial responsibility is NMSA 1978, Section 66-5-205 (1998). It appears from the record that the City of Aztec has adopted that particular statute as one of its traffic ordinances. [RP 563] It appears from the record that the City presented as evidence verified copies of the ordinances. [RP 462] It also appears from the record that the district court stated that the charges against Defendant were a violation of "205." [RP 456] The fact that the charging document is a Uniform Traffic Citation with reference to the state statute does not mean that Defendant was convicted of an ordinance that does not exist.

4

Contrary to Defendant's arguments, his own exhibits to motions show that the City adopted Section 66-5-205. [RP 468, 563] Defendant's arguments refer to another exhibit [RP 574] that does not include Section 66-5-205 in its list of statutes adopted by the City. It does not appear, however, that that exhibit refers to current ordinances. Every other exhibit attached to Defendant's numerous motions includes a reference to Section 66-5-205. Our own examination of the City of Aztec ordinances show that they include Section 66-5-205. Therefore, we conclude that there was a valid city ordinance requiring proof of insurance.

Defendant continues to argue that the district court should have granted his motion to suppress the testimony of the arresting officer. The basis for his motion to suppress was apparently that the arresting officer did not promptly take him before a magistrate. As we have previously determined, the officer was not required to take him before a magistrate for violation of city ordinances. Thus, there was no basis to suppress evidence allegedly illegally obtained.

In our notice, we proposed to conclude that there was sufficient evidence to support the convictions for illegal left turn and no proof of insurance. In so doing, we referred to tape logs of the trial that were included in the record proper. Defendant argues that that is not evidence. While the tape logs themselves are not evidence, they reflect what evidence was presented at the trial. Thus, we are able to glean from the

tape logs the testimony of the officer who stopped Defendant. In his testimony, he relayed what he had observed and his reasons for stopping Defendant. [RP 457]

Defendant argues that there are at least six essential elements to the offense of failure to obey a traffic control device, including that it was placed in accordance with statute, in a proper position and sufficiently legible. [MIO 8] He argues that there was no evidence about the placement of the sign or that it was in conformance with statute. We believe that that fact that the sign was placed in accordance with statute can be presumed. *See* NMSA 1978, § 66-1-4.13(D) (1990) (defining an official traffic-control device as all signs, signals, markings and devices placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning or guiding traffic). Even if we assume that the violation requires evidence that the sign was placed in accordance with statute, Defendant's own witness testified that the sign had been properly placed. [RP 460-461] We conclude that the evidence was sufficient to determine that Defendant had failed to obey an official traffic control device—a sign prohibiting a left turn.

Defendant also argues that there was no evidence that he failed to have insurance on his vehicle. The evidence established that when he was asked for proof of insurance, he did not provide it to the police officer. Defendant acknowledges that. Nor did he provide it in court. *See* NMSA 1978, § 66-5-229(C) (1998). He argues

6

that the city was required to show not only no insurance, but no surety bond or cash deposit. The violation is for failure to provide proof of financial responsibility. Section 66-5-205. Thus, the city did not need to prove that Defendant did not have a surety bond or cash deposit. It was required only to prove that Defendant was unable to provide proof of financial responsibility. It did so through evidence that Defendant failed to present the officer with proof of insurance. There was sufficient evidence to support the conviction for violation of the ordinance requiring proof of insurance.

For the reasons stated herein and in the notice of proposed disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**ROBERT E. ROBLES, Judge**