**Certiorari Granted, August 1, 2014, No. 34,769**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2014-NMCA-087**

**Filing Date: May 14, 2014**

**Docket No. 32,553**

**STATE OF NEW MEXICO,**

    **Plaintiff-Appellee,**

**v.**

**BILLY BACA,**

    **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Stan Whitaker, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
David Henderson, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**OPINION**

**FRY, Judge.**

**{1}**     Defendant was convicted of commercial burglary following his participation in a shoplifting incident inside a Costco. Defendant appeals his conviction, arguing, in part, that entry into a retail store with the intention to shoplift does not constitute the crime of burglary. We agree with Defendant and conclude that the entry in this case was not an

1

unauthorized entry under our burglary statute. Accordingly, we reverse Defendant's conviction.

## BACKGROUND

{2}     Defendant entered Costco with a group of people. No person in the group was a member of Costco, but one person showed the Costco greeter a Costco membership card that belonged to another person. It is not known how the person obtained the membership card. The greeter did not check the card and allowed the group to enter. Once inside, a member of the group began placing items into her purse, including items that members of the group pointed out. The group then proceeded to the checkout line, where they purchased bottled water and ice cream. Upon trying to exit the store, however, they were detained by a Costco loss-prevention employee for attempting to steal the items in the woman's purse.

{3}     At trial, the greeter and the loss-prevention employee gave somewhat conflicting accounts of Costco's policies regarding admittance to the store. For instance, the greeter initially testified that members of the public are not allowed in the store without a membership. However, the greeter also testified that although the membership cards have photos on them, it is neither routine nor within her "job description" to check the photos in order to ensure that the person presenting the card is, in fact, a member. The greeter further affirmed that a person presenting a "ten-year-old Costco card, a friend's card, [or] a card they found on the street" would be allowed to enter the store simply by displaying the card. Similarly, the loss-prevention employee testified that Costco is a "membership warehouse" and that in order to enter the store, one must be a member or a guest of a member. But, when asked specifically what Costco's policy was regarding "non-members coming into the store," the employee responded, "[n]on-members cannot make purchases." Both agreed that the "[m]embers only" signs posted outside Costco serve as notice to the public that only members can enter.

{4}     Defendant was convicted of commercial burglary on the theory that presentation of the membership card constituted an unauthorized entry by fraud, deceit, or pretense. *State v. Ortiz*, 1978-NMCA-074, ¶ 15, 92 N.M. 166, 584 P.2d 1306 ("Whether entry by fraud, deceit or pretense is characterized as trespassory, without consent, or without authorized consent, such an entry is unauthorized."). Defendant appeals.

## DISCUSSION

### Standard of Review

{5}     The issue before us is whether entry into Costco by a non-member using a membership card that does not belong to that person constitutes an "unauthorized entry" for purposes of our burglary statute. Statutory construction is a question of law which we review de novo. *State v. Duhon*, 2005-NMCA-120, ¶ 10, 138 N.M. 466, 122 P.3d 50. "If the language of the statute is clear and unambiguous, we must give effect to that language[,]"

2

*State v. McWhorter*, 2005-NMCA-133, ¶ 5, 138 N.M. 580, 124 P.3d 215, unless doing so would lead to absurd, unreasonable, or unjust results. *State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801. "Doubts about the construction of criminal statutes are resolved in favor of the rule of lenity." *State v. Keith*, 1985-NMCA-012, ¶ 10, 102 N.M. 462, 697 P.2d 145.

**Defendant's Entry Into Costco Was Not an Unauthorized Entry Under Our Burglary Statute**

**{6}** Burglary is defined as the "unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure . . . with the intent to commit any felony or theft therein." NMSA 1978, § 30-16-3 (1971). We presume, however, that retail stores are open to the public during business hours and, therefore, an individual who enters a retail store with the intent to shoplift is not guilty of burglary. *State v. Rogers*, 1972-NMCA-053, ¶ 7, 83 N.M. 676, 496 P.2d 169 (explaining that a business owner's permission to enter is implied when the business invites the public to enter); *State v. Tower*, 2002-NMCA-109, ¶ 7, 133 N.M. 32, 59 P.3d 1264 ("[T]he store was generally open to the public as a place of commerce. Thus, the shopping public was given authority to enter the store."). But this Court has also recognized that the revocation of an individual's permission to enter a retail store that is otherwise open to the public is sufficient to conclude that the individual's subsequent entry into the store was unauthorized. *Id.* ¶¶ 5, 7. Thus, we must determine whether Costco's membership policies are sufficient by themselves to negate the presumption that Costco, as a retail store, is generally open to the public such that entry by a non-member during business hours constitutes an unauthorized entry under our burglary statute. We conclude that Defendant's entry into Costco, even assuming he was aware that the woman presenting the card was a non-member, is not sufficient as a matter of law to establish an unauthorized entry and thus the crime of burglary.

**{7}** Recently, our Supreme Court signaled a change in our state's burglary jurisprudence following its recognition that this Court had "expanded significantly the reach of the burglary statute." *State v. Office of Pub. Defender ex rel. Muqqddin*, 2012-NMSC-029, ¶ 1, 285 P.3d 622. The Supreme Court stated that our historically broad construction of the burglary statute had "transformed [the crime] into an enhancement for any crime committed in any type of structure . . . as opposed to a punishment for a harmful entry." *Id.* ¶ 3. Along these lines, the Court also noted that it has become "common to add a burglary charge [although] the entry itself did not create or add any potential of greater harm than the completed crime." *Id.* By these statements, the Supreme Court signaled that burglary charges should be viewed with a more critical eye, both by the courts and by prosecutors, to ensure that the conduct being prosecuted is the type the burglary statute is meant to deter. *See id.* ¶ 59 ("When deciding whether or not a burglary charge is appropriate, courts and [d]istrict [a]ttorneys must consider whether or not this is the type of entry the Legislature intended Section 30-16-3 to deter.").

**{8}** In clarifying the modern purpose of the burglary statute, our Supreme Court noted

3

that the traditional understanding of the purpose of the burglary statute "is to protect possessory rights with respect to structures and conveyances, and to define prohibited space." *Id.* ¶ 40 (internal quotation marks and citations omitted). The Court further clarified that fundamental "among the possessory interests that [the] burglary [statute] is designed to protect is the right to exclude." *Id.* ¶ 41. Implied within the right to exclude is "some notion of a privacy interest." *Id.* ¶ 42. And it is that privacy interest, "the feeling of violation and vulnerability that occurs when a burglar invades" a personal or prohibited space, that our burglary statute is meant to protect against. *Id.* ¶ 43.

**{9}** Notwithstanding Costco's membership policies, we discern no particular security or privacy interest at stake inside Costco that justifies recognizing a departure from the general rule that we presume retail stores to be open to the public. Costco shoppers pay a membership fee, or they accompany someone into the store who has paid a fee, for the opportunity to purchase goods in bulk and for any alleged pricing benefits that inhere in such purchases. Once inside, the store is similar to any other retail store in that merchandise is presented for the shopping public to purchase. Simply put, Defendant's entry into this shopping area does not implicate "the feeling of violation and vulnerability" we associate with the crime of burglary. *Id.* Furthermore, there is no unique security interest served by Costco's membership policies. The burglary statute is not just designed to "deter trespass and theft, as those are prohibited by other laws." *Id.* ¶ 40. It is instead an offense against the security of a building or habitation. *Id.* ¶¶ 34, 42. Defendant's entry into Costco during business hours, albeit deceptive, granted him access to an otherwise open shopping area, as opposed to an area "where things are stored and personal items can be kept private." *Id.* ¶ 61. Thus, as far as the privacy and security interests of the store itself are concerned, we see no heightened or unique security or privacy interest that distinguishes Costco from other retail stores that we generally consider open to the public.

**{10}** Our decision is not intended to implicate this Court's decision in *Tower* because we do not equate Costco's "members only" sign with the individual notice in *Tower* that revoked the defendant's permission to be on the store's property and warned the defendant that a return to the store would result in criminal charges. 2002-NMCA-109, ¶ 2.

**{11}** However, following *Muqqddin*, we question the continuing validity of general statements in *Tower* indicating that a retail store's notice revoking a person's permission to be on the premises is sufficient by itself to make his or her presence unauthorized under our burglary statute. 2002-NMCA-109, ¶ 8 ("[W]here a defendant has notice that he is not authorized to enter a particular area and he, nevertheless, does so with the intent to commit a theft, he can be charged with burglary."). Similarly, we question the continuing validity of other burglary cases decided before *Muqqddin* that recognize a distinction between areas of a retail store that are considered open or closed to the public. *See e.g.*, *State v. Sanchez*, 1987-NMCA-035, ¶¶ 1, 2, 105 N.M. 619, 735 P.2d 536 (affirming the defendant's conviction for burglary based on the unauthorized entry into the loading dock area of an auto parts store with the intent to steal). Certainly, there are areas of retail stores that may have privacy or security interests distinct from general shopping areas. *See Office of Pub.*

4

*Defender ex rel. Muqqddin*, 2012-NMSC-029, ¶ 42 (stating that the violation of privacy and security interests in certain structures is the evil that the modern burglary statute is intended to deter). But those cases and circumstances are not before us in the present case, and we therefore express no opinion as to their continuing precedential value.

**{12}** While we recognize that Costco's membership policies allow Costco to prohibit non-members from shopping or purchasing items in the store, we are unpersuaded that the membership policies are meant to deter the same types of entry our burglary statute protects against. Harmful entries are the entries sought to be prevented by the burglary statute. *Id.* ¶ 60. Arguably, a person's entry into any retail store with the intent to steal is always harmful. For example, California's burglary statute specifically penalizes such an entry. *See* Cal. Penal Code § 459 (West 2014) ("Every person who enters any . . . store . . . with intent to commit grand or petit larceny or any felony is guilty of burglary."); *People v. Frye*, 959 P.2d 183, 212 (Cal. 1998) ("The entry need not be a trespass to support a burglary conviction. Thus, a person who enters for a felonious purpose may be found guilty of burglary even if he enters with the owner's or occupant's consent.").

**{13}** But New Mexico's burglary statute is not so broad. If our Legislature intended to penalize as burglars all individuals who enter a retail store with the intent to shoplift, it could have structured our statute to reflect that intention. *See State v. Ortiz*, 1978-NMCA-074, ¶ 10, 92 N.M. 166, 584 P.2d 1306 ("New Mexico requires more than an entry with the requisite criminal intent. The entry must be unauthorized."). In the absence of such legislative direction, we are hesitant to extend our burglary statute to cover conduct covered by statutes addressing other, lesser crimes. *See Office of Pub. Defender ex rel. Muqqddin*, 2012-NMSC-029, ¶¶ 50-54 (discussing the judicial expansion of burglary past legislative intent, as evidenced by statutes penalizing the same behavior as misdemeanors); *Cf. Jackson v. State*, 259 So. 2d 739, 745 (Fla. Dist. Ct. App. 1972) (McNulty, J. specially concurring) ("Lawful entry, although with sinister design, does not become unlawful retroactively merely because a planned offense is thereafter committed. A shoplifter, for example, is a thief[,] not a burglar."). In this case, Defendant's bypassing of Costco's membership policies in order to gain entry into Costco "did not create or add any potential of greater harm than the completed crime." *Office of Pub. Defender ex rel. Muqqddin*, 2012-NMSC-029, ¶ 3. Instead, it merely allowed him access to an otherwise open shopping area.

**{14}** In sum, we do not believe it is our legal system's duty to police the boundaries of Costco's membership policies. Using the membership policies alone to punish misdemeanor behavior as a felony would be a return to the judicial expansion of the crime of burglary that our Supreme Court recently reined in. "As a felony, burglary is a serious offense with serious consequences. . . . [It] is no petty crime." *Id.* ¶ 60. It would be an absurd application of our burglary statute to punish those who shoplift from Sam's Club more severely than those who shoplift from Walmart. *See State v. Smith*, 2004-NMSC-032, ¶ 10, 136 N.M. 372, 98 P.3d 1022 (stating that we reject "formalistic and mechanical statutory construction when the results would be absurd, unreasonable, or contrary to the spirit of the statute"). We therefore conclude that Costco's membership policies do not negate the presumption that

5

retail stores are open to the public. Thus, Defendant's entry into Costco, while likely impermissible as far as Costco is concerned, was not "unauthorized" in terms of our burglary statute.

**CONCLUSION**

**{15}** For the foregoing reasons, we reverse Defendant's conviction for commercial burglary.

**{16}  IT IS SO ORDERED.**

_____
**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

_____
**M. MONICA ZAMORA, Judge**

6