This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38953

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BOBBY CHARLES CRAWFORD,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**James W. Counts, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Luz C. Valverde, Assistant Appellate Defender
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant has appealed his conviction for contributing to the delinquency of a minor (CDM). We previously issued a notice of proposed summary disposition, proposing to uphold the conviction. Defendant has filed a memorandum in opposition. After due consideration, we remain unpersuaded.  We therefore affirm.

**{2}** As an initial matter, we will address Defendant's suggestion that the relative dearth of information supplied by the docketing statement requires reassignment to the general calendar. [MIO 13-17] In criminal cases, challenges to the sufficiency of the

evidence are frequently advanced; and although our rules require a reasonably thorough recitation of the relevant evidence, deficiencies are commonplace. Under such circumstances, due process considerations do not require either rejection of the docketing statement or assignment to the general calendar. *See generally Udall v. Townsend*, 1998-NMCA-162, ¶ 7, 126 N.M. 251, 968 P.2d 341 ("Neither due process nor equal protection requires assignment to one calendar or the other."). Rather, we may proceed on the summary calendar, provided that we are able to obtain sufficient information from the record proper, inter alia. *See id.* ¶ 3; *State v. Ibarra*, 1993-NMCA-040, ¶ 11, 116 N.M. 486, 864 P.2d 302. This is such a case. We therefore reject Defendant's assertion that reassignment to the general calendar is required.

{3}     Turning to the merits, we previously set forth the relevant background and authorities. We will endeavor to avoid undue reiteration here, and focus instead on the specific substantive arguments advanced in the memorandum in opposition.

{4}     Defendant acknowledges that CDM does not require specific knowledge or intent. [MIO 5-6] Nevertheless, he contends that the State should have been required to present more direct and compelling evidence that he actually knew that his conduct caused or encouraged the minor in question to commit crimes. [MIO 6-10] However, neither the elements of the offense, nor any authority of which we are aware could be said to require this. The case upon which Defendant relies, *State v. Romero*, 2000-NMCA-029, 128 N.M. 806, 999 P.2d 1038, is inapposite. It deals with encouraging disobedience of reasonable and lawful directions and commands of parents, teachers, custodians, guardians, and any other persons with lawful authority over a minor. As we observed in that case, reasonable persons might be entirely unaware of such directives. *See id.* ¶ 19. In this case, by contrast, Defendant's conduct encouraged a minor to violate criminal statutes, and every person is charged with knowledge of such. *See State v. Tower*, 2002-NMCA-109, ¶ 9, 133 N.M. 32, 59 P.3d 1264 ("We have often stated that ignorance of the law is no excuse. Every person is presumed to know the law." (citation omitted)). We therefore reject Defendant's suggestion that more compelling proof of specific knowledge should have been required in this case.

{5}     We further understand Defendant to renew his argument that more direct evidence of encouragement should have been required. [DS 5-6; MIO 10-11] However, as we previously observed, the jury could reasonably have inferred that Defendant's conduct, specifically his facilitation of both the attack and the flight from the scene, encouraged the minor to commit the criminal acts in question. *See generally State v. Bankert*, 1994-NMSC-052, ¶ 17, 117 N.M. 614, 875 P.2d 370 ("A conviction will be upheld if based upon a logical inference from circumstantial evidence."); *State v. Henderson*, 1993-NMSC-068, ¶ 4, 116 N.M. 537, 865 P.2d 1181 ("[W]hether the defendant's acts contributed to delinquency is a question for the jury. The common sense of the community, as well as the sense of decency, the propriety, and the morality which most people entertain, is sufficient to apply the statute to each particular case, and point out what particular conduct is rendered criminal by it." (internal quotation marks and citation omitted)), *overruled on other grounds by State v. Meadors*,

1995-NMSC-073, ¶ 22, 121 N.M 38, 908 P.2d 731). We therefore reject the assertion that the State failed to sustain its burden of proof.

**{6}** Finally, Defendant suggests that the State failed to prove an alternate version of the offense, entailing failure to perform a duty. [MIO 11-12] However, this alternate theory does not appear to have any bearing upon the basis for Defendant's conviction. [RP 94] We therefore reject the argument.

**{7}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{8}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**SHAMMARA H. HENDERSON, Judge**